BEERS and another, Appellants, vs. KUEHN, Respondent.

*December 8, 1892 — January 10, 1893.*

*Causes of action not separately pleaded: Waiver.*

A complaint stated, but not separately, a cause of action upon express contract for the agreed price for work, and a cause of action upon implied contract for its reasonable value. Defendant did not move to make more definite and certain. Upon the trial the evidence as to the contract was so contradictory that the jury might well find that the minds of the parties never met. *Held,* that an instruction that plaintiffs could not recover upon the *quantum meruit* was error.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to recover for grading a city lot. The complaint alleged that in 1889 the plaintiffs graded defendant's lot under an agreement with defendant to pay eighteen cents per cubic yard therefor, in April or May, 1890; that the number of yards of grading so done at defendant's request was 2,834; that said grading was reasonably worth eighteen cents per cubic yard; that by reason of the premises the defendant became indebted to plaintiffs, June 1, 1890, in the sum of $515.12, no part of which has been paid; and for said sum, with interest from June 1, 1890, judgment was demanded. The defendant's answer alleged that the grading was done under a special contract, by which the whole work was to be done for $280, a tender of which sum was made before commencement of the action.

Upon the trial plaintiffs' evidence tended to prove that the parties agreed on eighteen cents a yard as the price of the grading; also that it was reasonably worth that amount. Defendant's evidence tended to prove that the parties agreed on the gross sum of $280 for the grading. No legal tender was proven. The jury returned a verdict of $280 for the plaintiffs. The judgment recites that an

offer of judgment was made by defendant, and that the plaintiffs had failed to recover a more favorable judgment, whereupon judgment for the plaintiffs for $280, less the defendant's costs accruing since date of the offer of judgment, was entered.   Plaintiffs appeal.

For the appellants there was a brief by *Elliott & Hickox*, and oral argument by *C. T. Hickox*.

For the respondent there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *E. P. Vilas*.

WINSLOW, J.   The trial court charged the jury that the case must stand either upon the contract alleged by the plaintiffs or that alleged by defendant, and substantially instructed them that they were not entitled to find a verdict for the reasonable value of the work.   Due exception was taken to the various portions of the charge containing these propositions, and specific exception was taken to the charge because it did not permit a recovery upon a *quantum meruit*.

We think the exception well taken.   The evidence as to the contract was so utterly contradictory as to its terms that the jury might well find that there never had been a meeting of the minds of the parties; that there was an honest and mutual mistake; and that both of them never assented to the same terms.   Now, had the complaint contained two separate counts,— one to recover an agreed contract price, and one to recover the reasonable value,— and had the proofs been the same as they are in this record, there would be no doubt of the right of the plaintiffs to recover the reasonable value of the work in case the jury found that by honest and mutual mistake the minds of the parties had never met and assented to the same terms of contract.

In the present case the complaint blends a cause of action

upon express contract for the agreed price with a cause of action upon implied contract for the reasonable value of the work.    The allegations are entirely sufficient to make a good complaint upon both causes of action, but the trouble is they are not stated separately, as the rules of pleading require.    While this is poor pleading, it is not fatal to the causes of action thus blended.    Advantage of the error must be taken by motion to make definite and certain.    *Baxter v. State,* 9 Wis. 38.    The defendant, not having chosen to take advantage of the error, but having gone to trial upon a complaint which contains sufficient allegations to cover both causes of action, should be prepared to meet them both.    This view of the case necessitates reversal.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.