Decided at PENDLETON, July 20, 1895.

## ELDER *v.* ROURKE.
[41 Pac. 6.]

1. HARMLESS ERROR.—The admission of incompetent evidence that work performed by plaintiff was reasonably worth a designated sum is harmless, where it is admitted that he was to have such amount for his services, and the contested question is whether defendant was acting for himself in making the contract, or was acting as agent for another.

2. QUESTION FOR JURY.— In the face of conflicting evidence a question should be left to the judgment of the jury.

3. PLEADING — PREMATURE SUIT.— The defense that an action is prematurely brought must be pleaded to be available.

4. INSUFFICIENCY OF EVIDENCE — REFUSING NEW TRIAL.— It is well settled in Oregon that a refusal to set aside a verdict for insufficiency of the evidence is not assignable error.

APPEAL from Umatilla: MORTON D. CLIFFORD, Judge.

This is an action by S. B. Elder against T. F. Rourke to recover nine hundred and eighty-six dollars and twenty-five cents, alleged to be due the plaintiff from the defendant for cutting and harvesting grain. The complaint alleges, in substance, that between August first and October first, eighteen hundred and ninety-three, the plaintiff performed work and labor for defendant, at his special instance and request, in cutting, heading, and harvesting the wheat then growing on nine hundred and sixty-five acres of land, at the agreed and stipulated price of one dollar and twenty-five cents per acre, amounting in the aggregate to the sum of one thousand two hundred and six dollars and twenty-five cents;

that said work and labor was and is reasonably worth the sum of one dollar and twenty-five cents per acre, and of the reasonable aggregate value above stated, and that no part thereof has been paid except two hundred and eighteen dollars.    The defendant answered, denying all the material allegations of the complaint, and alleging, as a separate and affirmative defense, that the labor and services of plaintiff as alleged in the complaint were performed for and at the special instance and request of one J. M. Elgin, and that before the performance thereof the defendant, acting for and in behalf of the Pendleton National Bank, of which he was cashier, guaranteed payment for plaintiff's services in cutting and heading the grain mentioned, to the extent of the proceeds of the wheat so headed and harvested, when the same should be sold, and not otherwise; that one hundred and thirteen dollars and five cents is the entire amount received from the sale of said wheat, which sum was paid to the plaintiff prior to the commencement of this action. The reply put in issue all the allegations of the answer.    A trial by jury was had upon the issues so made, which resulted in favor of plaintiff, and defendant appeals.                                          AFFIRMED.

For appellant there was a brief by *Messrs. Bailey, Balleray and Redfield,* and an oral argument by *Mr. John J. Balleray.*

For respondent there was a brief by *Messrs. Leasure and Stillman,* and an oral argument by *Mr. A. D. Stillman.*

Opinion by MR. CHIEF JUSTICE BEAN.

1.    The first, second, and third assignments of error relate to the ruling of the trial court in permitting plaintiff to testify that the work performed by him was rea-

sonably worth one dollar and twenty-five cents per acre. This evidence was within the issues made by the pleadings; but if it had not been, its admission, if error, was harmless.   There was no dispute as to what plaintiff was to receive for his work, but, as a matter of fact, it was admitted all through the trial that he was to have the agreed and stipulated price of one dollar and twenty-five cents an acre, and proof that such sum was reasonable could in no way prejudice the defendant.   The gist of the controversy was whether the defendant had become personally liable to the plaintiff for the value of said work and labor,. or whether the Pendleton National .Bank, through defendant as agent, had agreed to become surety for Elgin to the extent of the proceeds of the wheat harvested by plaintiff, after the same should be threshed and disposed of.   This was the contested question in the case, and the one submitted to the jury by the court, and hence evidence of the reasonable value of the work was immaterial, and its admission affected no substantial right of the defendant.

2.   The next assignment of error is in overruling defendant's motion for a nonsuit.   It is admitted, as we understand it, that the evidence for plaintiff tended to show that a contract for cutting the wheat was made by him with the defendant individually at an agreed price of one dollar and twenty-five cents per acre, but the contention is that it appears from plaintiff's own case that the work was not to be paid for until the wheat was threshed, and it is claimed there is no evidence showing that the wheat had been threshed, or that a reasonable time for threshing it had elapsed, before the commencement of the action.   The only witnesses in chief for the plaintiff were the plaintiff himself and one Foster.   The plaintiff testified that nothing was said about the time of payment, but Foster, who was present when the contract was made,

says the defendant told the plaintiff he would pay him when the wheat was threshed. Under this state of the evidence the fact as to when the payment was to be made, if material, was clearly a question for the jury. If the plaintiff's version of the contract was correct, the money became due and payable when the services were rendered and the work completed, and it was the province of the jury to sift out the truth of the matter from the conflicting evidence of the plaintiff and Foster. There was, therefore, no error in overruling the motion for a nonsuit.

3. The next assignment of error is in refusing to give the following proposed instruction to the jury: "If the jury believe that it was a part of the contract that the plaintiff should not be paid for said work until the wheat was threshed, then I instruct you that, in the light of insufficient evidence, a reasonable time has expired for threshing the same, and on any allegation to that effect you are bound to find for the defendant." This instruction was, in our opinion, properly refused, because the defense that the action was prematurely brought was not set up in the answer, and was therefore not an issue in the case. If the defendent intended to rely upon such a defense he should have pleaded it, so that the plaintiff could have been advised thereof and been prepared to contest it on the trial if he so desired: Bliss on Code Pleading, § 352; Pomeroy's Code Remedies, §§ 691, 711; *Hagan* v. *Burch,* 8 Iowa, 309; *Smith* v. *Holmes,* 19 N. Y. 271. The answer contains no allegation that plaintiff's compensation for cutting the grain should not become due and payable until the grain should be threshed, nor does it aver that the grain had not in fact been threshed before the commencement of the action. No issue was tendered upon either of these questions. By his answer the defendant denied his liability entirely, and alleged

that the work was performed for Elgin, and that as cashier of the Pendleton National Bank he had agreed to pay for such work if a sum sufficient for that purpose should be realized from the sale of the grain, and that the bank had complied with this contract. These were the real issues in the case, and were properly submitted to and passed upon by the jury. And again, we do not think the court could have declared as a matter of law that there was no evidence tending to show that a reasonable time had not elapsed in which to thresh the grain, even if the question had been an issue in the case. The evidence shows that the plaintiff commenced work about the first of September, and had the grain stacked ready for threshing the last of October, eighteen hundred and ninety-three, and this action was not commenced until May twenty-ninth, eighteen hundred and ninety-four, about seven months thereafter. Whether this was a reasonable time, under all the circumstances, in which to have threshed the grain was a question for the jury and not the court.

4. It is also claimed the court erred in overruling defendant's motion to set aside the verdict, and for a new trial, but it is well settled in this state that the action of a trial court in refusing to set aside a verdict for insufficiency of the evidence is not assignable error and therefore the question requires no further consideration at this time. It follows that the judgment of the court below cannot be interfered with.

AFFIRMED.