CHILDS & RAINS, Respondents, v. RANSOM CRITHFIELD, Appellant.

Kansas City Court of Appeals, May 4, 1896.

1. **Pleading**: CONTRACT: QUANTUM MERUIT: RECOVERY. A plaintiff may combine in one suit a count on express contract and another count on *quantum meruit* for the same cause of action, but he can only have one recovery.

2. **Evidence**: PAROL CONTRACT: FORMER WRITTEN. In a suit against defendant for commissions for selling his real estate the plaintiffs may show by parol evidence that they are the successors of a former firm with whom defendant had a written contract to sell his real estate, and that he had orally agreed with the new firm to the same terms as with the old one and they are then entitled to introduce the written contract in evidence.

3. **Real Estate Broker**: COMMISSIONS: PURCHASER. If real estate brokers are the procuring cause of bringing together the defendant and a purchaser who agrees on the terms of sale and is ready and willing and financially able to carry out the contract, then the broker is entitled to the agreed commission, or if there be no agreement as to commission, then to the usual and reasonable value of his services.

*Appeal from the Holt Circuit Court.*—HON. ARGUS COX, Judge.

AFFIRMED.

*Rechow & Pufahl* for appellant.

(1) Where a petition declares upon a contract without stating whether it is in writing or not, the contract will be presumed to be in writing. *Sharkey v. McDermott*, 91 Mo. 652; Brown on Statute of Frauds, sec. 505. (2) There was a fatal variance between the contract declared on and the evidence of plaintiffs. *Wisby v. Boyce*, 27 S. W. Rep. 590; *Gray v. Race*, 51

Mo. App. 554; *Merrill v. Trust Co.*, 46 Mo. App. 243, point 3; *Telegraph Co. v. Smith*, 30 S. W. Rep. (Tex.) 550. (3) Plaintiffs not having declared upon the contract in its modified form, no evidence was admissible under the petition. *Lantz v. Krantz,* 93 Mo. 513; *Henning v. Ins. Co.*, 47 Mo. 431; *Bunce v. Beck*, 43 Mo. 266; *Phister v. Gove*, 48 Mo. App. 460; *Evars & Hunt v. Schumaker*, 57 Mo. App. 457; *Krohn v. Heyn*, 14 S. W. Rep. 131; see, also, authorities cited under point 2. (4) The demurrer to the evidence was properly sustained. See authorities cited under points 2 and 3; *Warson v. McElroy*, 33 Mo. App. 553. (5) There is no allegation in the petition that the firm of Chiles & Rains are the assignees or successors of the firm of Chiles & Wilkerson, and plaintiffs can not recover for that reason. *Telegraph Co. v. Smith*, 30 S. W. Rep. (Tex.) 550.

*Upton & Skinker* for respondents.

(1) If any of the grounds alleged in the motion for new trial are well taken, the motion must be sustained. *Hewitt v. Steele*, 118 Mo. 463; *Lovell v. Davis*, 52 Mo. App. 342. (2) That a count on contract for services rendered is properly joined with a count for the *"quantum meruit"* of the same services, is a proposition too plain and well settled to call for elucidation or citation of authorities, and if such joinder would be proper in an original petition, there could be no objection to the joinder in an amended petition. (3) The contract of July 27, 1893, was clearly admissible, not as a subsisting contract between Crithfield and Chiles & Rains, but as tending to show that when Crithfield told the new firm to "go ahead and sell the farm, and I will pay you your commission," he meant the commission expressed in that contract. *Edwards v. Smith*, 63 Mo. 119; *Tailer*

*v. Furnishing Co.*, 24 Mo. App. 420. (4) It was competent for respondents to prove the reasonable value of their services. *Henderson & Jones v. Mace*, 64 Mo. App. 393. (5) It is the well settled law in this state that when a real estate agent introduces to his principal a party who is ready, willing, and financially able to buy on such terms as the principal is willing to sell, he is entitled to his commission. *Henderson & Jones v. Mace, supra; Gelatt v. Ridge*, 117 Mo. 553; *Lemon v. Lloyd*, 46 Mo. App. 452; *Phister v. Gove*, 48 Mo. App. 455; *Stinde v. Blesch*, 42 Mo. App. 578; *Breman v. Roach*, 47 Mo. App. 290; *Hart v. Hopson*, 52 Mo. App. 177.

GILL, J.—Plaintiffs, who are real estate agents at Humansville, Missouri, sued the defendant for services in procuring a purchaser for defendant's farm.. The original petition was based on an express contract to the effect that if plaintiffs would secure a purchaser, defendant would pay plaintiffs a compensation of five per cent on the first $1,000 of the selling price of the land, and two and one half per cent on the remainder; that plaintiffs found a purchaser, who contracted with defendant to buy the land at $8,800, for which defendant owed plaintiffs $245, and for which plaintiffs asked judgment.

When the case was called for trial, plaintiffs, by leave of the court, filed an amended petition, consisting of two counts—one, on an express contract, as set out in the original petition, and the other setting out the performance of the services at the request of defendant, and asking to recover the reasonable value thereof. During the progress of the trial it seems that the court, on defendant's motion, struck out the second count of the amended petition; and at the close of plaintiff's evidence, which was adduced in support of the first

count, the court peremptorily instructed the jury to find for the defendant.

Thereafter, on plaintiffs' motion, the court set aside the judgment in defendant's favor and granted a new trial, stating in the order as reasons therefor: *First*, that the court erred in striking out the second count of plaintiffs' amended petition, and, *second*, that the court erred in sustaining defendant's demurrer to plaintiffs' evidence. And from this order sustaining plaintiffs' motion for a new trial, defendant has appealed.

The trial court very clearly erred in striking out the *quantum meruit* count of plaintiffs' petition, and for that reason anyhow it was entirely proper to set the verdict aside and grant a new trial. It is unquestioned law that a plaintiff may combine in one suit a count on express contract with another count in *quantum meruit*, for the same cause of action. He can only recover on one of these, but yet he may declare in both forms, so as to permit recovery according to the facts proved. This of itself is sufficient to warrant an affirmance of the order granting a new trial.

But more than this, the plaintiffs offered ample evidence to sustain their first count, which was based on express contract. It seems that prior to the time when Chiles & Rains procured a purchaser for the defendant's land, the plaintiff Chiles was engaged in the same business with one Wilkerson, the style of the firm being Chiles & Wilkerson; that said firm had a written contract with defendant to sell his land at an agreed commission of five per cent on the first $1,000 of the selling price, and two and one half per cent on the balance; that after this contract was entered into, and before a purchaser was secured, the firm of Chiles & Wilkerson was dissolved and the new firm of Chiles

& Rains was formed; and there was evidence introduced by plaintiffs which tended to prove that the new firm had an oral agreement with defendant by which they were authorized to sell the land, and that they should have the same commission as had been promised the old firm of Chiles & Wilkerson. In this connection, after having shown the facts above stated, plaintiffs offered the original written contract between defendant and the old firm of Chiles & Wilkerson, for the purpose, manifestly, of showing the price agreed to be paid the old firm; but, on defendant's objection, this was excluded. This was error. It was entirely proper to submit this old contract to the jury, as showing what was the commission to be paid the old firm. Plaintiff's cause of action was based on a parol agreement, that they were to procure a purchaser for defendant's land and were to have the same compensation as defendant had agreed to pay Chiles & Wilkerson; and the court should have allowed this old written contract to go to the jury, so as to fix the compensation contemplated by the subsequent parol agreement.

The issues involved in this case are simple and easily tried. If defendant engaged the plaintiffs to secure a purchaser for his land; and if they were the procuring cause of bringing the defendant and Moore & Chambers together, who agreed on terms of sale and purchase; and if these purchasers were ready and willing and financially able to carry out their contract— then plaintiffs were entitled to whatever commission defendant agreed to pay, or if no definite amount of compensation was agreed upon, then plaintiffs should have whatever the court or jury should find to be the usual and reasonable value of such services. The authorities referred to in respondent's brief, together with numerous others to be found in the decisions of

this and other appellate courts of the state, fully declare the law applicable to the case.

The trial court rightly ordered a new trial, and its judgment will therefore be affirmed.   All concur.