JOHN COSGROVE, Respondent, v. BENJAMIN M.
BURTON et al., Appellants.

**Kansas City Court of Appeals, February 1, 1904.**

1. **ATTORNEY AND CLIENT:** Contract: Performance: Fee.
Where an attorney's fee is to be a certain per cent of the
amount in litigation in case of a favorable termination, and
pending the suit the client compromises over the attorney's
objection, he would be still liable to pay the per cent agreed
upon.

2. ————: ————: Quantum Meruit: Pleading: Instructions. A
petition by an attorney to recover his fee stating that he had
reduced his fee to the reasonable value of his services and
that the defendants were justly indebted to him for the sum
alleged, states an action in *quantum meruit* and not on contract;
and the petition in question being ambiguous may have justi-
fied the defendants in insisting it was on contract and praying
instructions on the theory, however, of a *quantum meruit*.

3. **WITNESSES:** Expert: Instructions: Jury.    Juries are in no
wise bound to accept the opinions of expert witnesses if they
deem them unreasonable, but an instruction that they should
consider their professional standing and experience is, how-
ever, proper, since the trial court should give the jury some
guide for the consideration of such evidence.

Appeal from Howard Circuit Court.— *Hon. John A.
Hockaday*, Judge.

AFFIRMED.

*O. S. Barton, Wm. S. Shirk* and *J. F. Rutherford*
for appellants.

(1) The gist of the cause of action alleged is an
express contract. Plaintiff can not enlarge his cause of
of action by resort to general words in the petition, but
will be confined to the specific allegations. Huston v.
Tyler, 140 Mo. 263. (2) Plaintiff having elected

to sue upon an express contract must recover on that contract or not at all in this suit. ''This is true even though the evidence develops a cause of action on quantum meruit.'' Cole v. Armour, 154 Mo. 351; McCormick v. Transit Co., 154 Mo. 202; Clements v. Yeats, 69 Mo. 623; Fuerth v. Anderson, 87 Mo. 354; Construction Co. v. Iron Works, 169 Mo. 154; Raming v. Railroad, 157 Mo. 506; Whipple v. Peter Cooper Ass'n. 55 Mo. App. 554. (3) Plaintiff pleads a modification of his original contract. The petition states that, after the suits were determined, plaintiff reduced his fee to the sum of $1,000, and defendants agreed to settle same. The proofs showed that defendants made no agreement to such modification. The testimony of the plaintiff wholly fails to show a modification of the contract. To modify a contract, the consent of all the parties is required. Jacobs v. Maloney, 64 Mo. App. 270; Lee v. Porter, 18 Mo. App. 377; Sutter v. Raeder, 149 Mo. 297. Plaintiff, therefore, was not entitled to go to the jury upon the theory that he had reduced his fee to $1,000 and defendants had consented. (4) The court erred in refusing to give an instruction in the nature of a demurrer to plaintiff's evidence, as asked by defendants. There was a total failure of the *proof of the contract as alleged.* See authorities, supra. (5) The court erred in admitting the testimony of other lawyers as to the reasonableness of the fee charged. The action was on express contract. This evidence was, therefore, inadmissible, and was prejudicial to defendants. See authorities, supra. (6) But suppose we are wrong in our contention that this a suit based upon a specific contract, and suppose that the trial court did right in submitting the case to the jury on the theory that it was a *quantum meruit* case, then we contend that upon that theory the court erred in giving instructions numbered 1, 2, 3 and 4, in behalf of half of plaintiff. In these instructions the court tells the jury that they may find for the plaintiff in a sum

not to exceed one thousand dollars.   Henderson v. Mace, 64 Mo. App. 397; Mansur v. Botts, 80 Mo. 651; Plummer v. Troost, 81 Mo. 425.   (7)   Plaintiff's fifth instruction is wrong, and the giving  same  constitutes error.   It tells the jury that they are not bound by the testimony of the expert witnesses.   In  the  next  sentence, however, it tells the jury that in considering such testimony the professional standing and experience of such witnesses must be taken into consideration in arrivin at a verdict.   Cosgrove v. Leonard, 134 Mo. 419; Hull v. St. Louis, 138 Mo. App.  618;  Kingsbury  v. Joseph, 94 Mo. App. 298; Hoyberg v. Henske, 153 Mo. 63.    Said instruction is also wrong, because  it  calls the jury's attention to the professional standing and experience of  the expert witnesses and tells  them that they must consider such standing  and experience in making up their verdict.   Hackman v. Maguire, 20 Mo. App. 286; Railway v. Stock Yards, 120 Mo. 541; Molch v. Railway, 82 Mo. App. 50; Thummel v. Dukes, 82 Mo. App. 53.

*S. C. Major* and *J. W. Cosgrove* for respondent.

(1)   The principal point urged by appellant for a reversal of the judgment of the trial court, is that plaintiff declared upon a special contract and recovered upon a *"quantum meruit."*   This contention can not be upheld under the pleadings and the  proof  in  this  case. Davis  v. Brown, 67 Mo. 313;  Smith v. Culligan, 74 Mo. 387.   (2)   The petition should be construed liberally with a view to substantial justice between the parties.   The substantial rights of the adverse party were not affected.   Revised  Statutes  1899,  sections 629 and 659.   (3)   The  judgment  of  the  trial  court should be sustained.   No error was committed against appellants materially affecting the merits of the action. Walker v. Guthrie, 102 Mo. App. 420;  Rogers  v. Hopper; 94 Mo. App. 437;  Christopher v. Kelly,

91 Mo. App. 101; Summers v. Insurance Co., 90 Mo. App. 702; (4) Although appellants made oral objection to the introduction of testimony of reasonable value of respondent's services, on the ground that the petition declared upon contract, they clearly abandoned that theory of the case and waived that contention by asking the court to instruct the jury on the theory of a "*quantum meruit.*" Appellants must try their case on the same theory in this court as in the trial court. Hill v. Drug Co., 140 Mo. 433; Pope v. Ramsey, 78 Mo. App. 157; Stewart v. Outhwait, 141 Mo. 562. (5) The mere fact that the petition recited the history of the services rendered by respondent, did not make the action one upon contract especially so when the petition states that respondent's "services reasonably worth," etc. Warder v. Seitz, 157 Mo. 140; Henderson v. Mace, 64 Mo. App. 393; Mansur v. Botts, 88 Mo. 651; Williams v. Railway, 112 Mo. 491; Moore v. Mfg. Co., 113 Mo. 107; Redman v. Adams, 165 Mo. 60; (6) It is well-settled law in this State that juries should take into consideration the standing and reputation of expert witnesses. Rose v. Spies, 44 Mo. 20; City of Kansas v. Butterfield, 89 Mo. 646; St. Louis v. Ranken, 95 Mo. 189; Head v. Hargrove, 105 U. S. 45; Cosgrove v. Leonard, 134 Mo. 419.

BROADDUS, J.—Benjamin E. Nance of Howard county died on or about the 22nd of May, 1902, leaving two children, Laura Burton and Martha E. Jordan. By his last will he left the greater part of his estate to Laura and Benjamin N. Burton; but prior to making his will he had conveyed to the said Burton 600 acres of land. Afer the probate of her father's will, Martha E. Jordan brought suit to set it aside and also brought suit to annul the said deed of conveyance. The plaintiff, a counsellor and attorney at law, was employed by the defendants to represent their interests in said suits. Benjamin Burton was the executor under the will of

said Nance and the defendant Patrick H. Burton is the husband of said Laura. It was also a part of plaintiff's employment to recover from one Dr. R. S. Holman two thousand dollars which it is claimed he had fraudulently obtained from the said Nance in his lifetime.

The petition alleges that the contract of employment between plaintiff and defendant was as follows: "Benjamin N. Burton, acting for himself and the other defendants herein, promised and agreed to pay the plaintiff for his services in and about procuring the return of said two thousand dollars from said Holman, and for his counsel and services rendered, and to be rendered, in said two above mentioned suits, the sum of five hundred dollars in the event the said Martha E. Jordan prevailed and the said Patrick H. Burton, Laura Burton and Benj. N. Burton and others were defeated therein, and in the event said suits of Martha E. Jordan against the defendants herein, and others, were decided in defendants' favor, the sum of ten per cent of the amount and value of the estate involved in said litigation."

It was shown that plaintiff acted as counsellor and attorney for defendants in said matters; that his services were reasonably worth one thousand dollars; and that the value of the estate involved was from $35,000 to $40,000; and that Dr. Holman returned to the executor the said $2,000. In the suit to set aside the will the defendants obtained a judgment establishing it; but it was proved that it was in the nature of a compromise the consideration for which was the sum of $5,000 paid by defendants to the said Martha E. Jordan. The suit to annul the said deed was dismissed at the cost of defendants.

The jury returned a verdict for plaintiff for $1,000.

It is the contention of defendants that as plaintiff's cause of action was on a contract he was not entitled to recover on *quantum meruit;* and that under his contract he was entitled to recover only $500 as the de-

fendants did not prevail in said two suits. As to the latter contention, if the contract is to receive a strict construction, plaintiff would have been entitled to recover an amount equal to ten per cent on the value of the property in litigation, which would amount to at least $3,500. But defendants say that as a matter of fact, although the judgments are formally in their favor, it was the result of compromise for which they paid in the one case $5,000, and in the other the costs of the suit. But defendants have left out of consideration the fact that the compromise in question was made over the objections of plaintiff. There is no doubt but what defendants had the right to do so, but it does not follow that because they did it would affect the contract they had with the plaintiff and they would still be liable to him thereunder for an amount equal to ten per cent of the value of the property in dispute as both the will and deed were sustained.

The petition after setting out the contract and alleging plaintiff's compliance with its terms, defendant's success in the two suits, further states that he voluntarily reduced his fee to $1,000, which defendants agreed to settle and that the sum charged is a reasonable compensation for his services. The petition admits of two constructions: The plaintiff contends that it was for *quantum meruit;* defendant that it is a suit on contract. We believe the petition, fairly construed, makes the cause of action stated *quantum meruit.* The statement therein that he had voluntarily reduced his fee to $1,000 for his services, their reasonable value, and that the defendants were justly indebted to him for that sum, characterizes it as such. It nowhere alleges that the amount is due upon his contract or that the defendants have committed any breach thereof, nor has he asked to recover thereon. The most that can be said of the petition is that it is ambiguous. But it is sufficient to support a verdict. Notwithstanding defendants during the the trial insisted that the action was on contract, by

a number of instructions they submitted their side of
the case upon plaintiff's theory that the action was one
for a reasonable compensation for plaintiff's services.
Perhaps they were justified in so doing, taking into
consideration the dubious character of the pleadings
and their insistence until the last moment that the action
was based upon contract.

The petition being sufficient upon which to base a
verdict and judgment renders it unnecessary to notice
many of the objections made to testimony introduced
by plaintiff.

It is claimed that the court erred in giving the fol-
lowing instruction.  "The court instructs the jury that
they are not bound by the testimony of the expert wit-
nesses but in considering such testimony the profes-
sional standing and experience of such witnesses must
be taken into consideration in arriving at a verdict."
The objection is to that part of the instruction which
tells the jury that they must take into consideration the
professional standing and experience of such witness.
In Hoyberg v. Henske, 153 Mo. 63, it was held "Juries
are in nowise bound to accept the opinions of expert wit-
nesses if they deem them unreasonable, and an instruc-
tion in a civil action which so states is not error."  In
Cosgrove v. Leonard, 134 Mo. 419, the verdict was
founded wholly as to the value of plaintiff's services
upon the testimony of expert witnesses.  The court held
it was sufficient to support a verdict.

In Hull v. St. Louis, 138 Mo. 625, which followed the
holding of the court in St. Louis v. Ranken, 95 Mo. 189,
it was held proper to instruct the jury to give to the
opinions of expert witnesses the weight to which they
believed they were entitled.  It is the opinion of some
jurist that an instruction that calls attention to this tes-
timony of witnesses as a class ought never to be given.
But as such is now the law, and as juries may believe or
disbelieve them at their own will, it certainly would be
appropriate for them to take into consideration their

professional standing and experience.   The trial court ought, at least in an advisory capacity, be authorized to lay down some rule for the guidance of the jury in passing upon the credibility of such witnesses.   And if the opinions of such witnesses are sufficient, as held in Cosgrove v. Leonard, supra, to support a verdict it was certainly not error to instruct the jury that in making up their verdict they must take into consideration their standing and experience in their profession.   In fact, it is the duty of jurors in all cases not only to take into consideration the credibility of witnesses, but also every other circumstance tending to weaken or strengthen their testimony.   And as the law is that the courts are authorized to instruct juries that they may disregard the evidence of expert witnesses, there can be no good reason assigned why jurors should be left without any direction whatever in weighing the force of such evidence.   Other objections made to instructions are without merit.   The cause is affirmed.   All concur.