# E. D. METCALF COMPANY v. GILBERT.

## (No. 629.)

SERVICES—ACTION FOR—SUFFICIENCY OF EVIDENCE—QUANTUM ME-
RUIT—SPECIAL CONTRACT—NECESSITY OF ALLEGING AFTER SERVICES
PERFORMED—PLEADING—JOINDER OF CAUSES OF ACTION—FAILURE
TO SEPARATELY STATE AND NUMBER—OBJECTION.

1. In an action for services rendered, the evidence held suf-
ficient to sustain a finding ignoring an alleged contract as
to salary and allowing the plaintiff $50 per month for the
time he was employed, as the reasonable value of the serv-
ices performed; one witness having testified that the
services were reasonably worth $100 per month, and there
being testimony on the part of defendant that, under the
circumstances of the employment, the services were of no
value.

2. Where a contract for services has been fully performed by
the plaintiff, and nothing remains to be done but the pay-
ment of the money by the defendant, it is not necessary
to set out or declare upon the special contract, but the
defendant's liability may be enforced under a count for
the reasonable value of the services. In such case the
contract may be used as evidence, and the recovery can-
not exceed the amount thereby agreed upon; the only
effect in such case of proof of an express contract as to
price is that the stipulated price becomes the *quantum
meruit*.

3. A count upon a *quantum meruit* for services performed may
be joined with one upon a special contract, although each
states only a separate ground for substantially the same
recovery.

4. A petition in an action for services is not demurrable on
the ground that several causes of action are improperly
joined, where in one count a claim under a special con-
tract is united with one for the reasonable value of the
services rendered. The irregularity consists only in dis-
regarding the statute providing that when the petition
contains more than one cause of action they shall be sep-
arately stated and numbered, and would be ground for a
motion to require a compliance with such statute, or to
make the petition more definite and certain.

5. Where, in a petition in an action for services, there was
united in one count a claim under a special contract and
one for the reasonable value of the services rendered;

*held*, that the allegation as to the reasonable value of the services was not to be regarded as surplusage, but that it presented a distinct issue in connection with other averments.

6. Where, in a petition in an action for services, in one count, a claim under a special contract was united with one for the reasonable value of the services rendered, and the form of the petition in that respect was not properly challenged; *held*, that the petition was to be construed the same as though there were separate statements of two causes of action, one upon an express contract for the agreed price, and one upon implied contract for the reasonable value of the services rendered.

[Decided June 24, 1911.]        (116 Pac. 1017.)

ERROR to the District Court, Johnson County; HON. CARROLL H. PARMELEE, Judge.

The material facts are stated in the opinion.

*Enterline & LaFleiche*, for plaintiff in error.

The plaintiff sought to recover upon an express contract for services to be performed at an agreed price. Although he alleges that the services were reasonably worth $100 per month, the same may be regarded as surplusage. It was therefore error to permit the plaintiff to recover upon *quantum meruit*. Having pleaded an express contract, the plaintiff was not entitled to recover upon an implied contract. (Doyle v. Edwards, (S. D.) 91 N. W. 322; Ecker v. Isaacs, (Minn.) 107 N. W. 1053; Tate v. Torcout, (Mich.) 58 N. W. 993; Hunt v. Tuttle, (Ia.) 101 N. W. 509; Duncan v. Gray, 79 N. W. 362; Walker v. Irvin, 62 N. W. 785; Wernli v. Collins, 54 N. W. 365; Pettibone v. Town Co., 66 Pac. 218; Fillmore City v. Roller Mill Co., (Utah) 103 Pac. 967; Pearson v. Switzer, (Minn.) 74 N. W. 214; Satterlund v. Beal, (N. D.) 95 N. W. 518; Black on Judgments, Sec. 183; Frevert v. Henry, 14 Nev. 191; Bachman v. Sepulveda, 39 Cal. 688; Marshman v. Conklin, 21 N. J. Eq., 546; Clemens v. Helehan, (Neb.) 72 N. W. 270; Dorrington v. Powell, (Neb.) 72 N. W.

587; 8 Ency. Pl. & Pr. 945; Johnson v. Hosford, 110
Ind. 572.)    The plaintiff utterly failed to establish the
alleged express contract, because it was specifically alleged
that he entered the employ of the defendant at the agreed
price of $100 per month, and the court found against him
on that proposition by allowing him only the sum of $50
per month.    There was, however, no evidence from which
the court could properly have ascertained that the plaintiff
was entitled to such sum; and, therefore, assuming that a
recovery might be had upon a *quantum meruit,* the case
should be reversed for insufficient evidence to sustain the
finding as to value of plaintiff's services.    (Enskew v. Reise,
117 N. Y. Supp. 906; Moyle v. Hocking, 51 Pac. 552.)
It is apparent that the plaintiff went to work in defendant's
store for the purpose of acquainting himself with the
clothing business at Buffalo, and with the ultimate object of
opening up a store for himself in that city.    It is evident
that he had no intention of buying an interest in defendant's
business.    His conduct in that respect was reprehensible,
and there is no reason under the evidence for allowing him
to recover anything for his services.

*Metz & Sackett* and *Alvin T. Clark,* for defendant in
error.

The judgment on a *quantum meruit* was not outside of
the pleadings.    The better authority is that where a petition
declares upon an express contract, evidence may be received
to show the reasonable value of the services, and recovery
may be had therefor.    (Sussdorf v. Schmidt, 59 N. Y.
319; Burgess v. Helm, (Nev.) 51 Pac. 1025; Ry. Co. v.
Gaffney, 65 O. St. 104; R. Co. v. Pollock, 16 Wyo. 321;
Usher v. Hiatt, 18 Kan. 195; Irby v. Phillips, 40 Wash.
618, 82 Pac. 931; Noyes C. Co. v. Robbins, (Ind. App.)
67 N. E. 959; Palmer v. Miller, 49 N. E. 975; Ehlers v.
Wannack, 118 Cal. 310, 50 Pac. 433; Antonelle v. Lumber
Co., 140 Cal. 309, 73 Pac. 966; L. & M. Co. v. Hege, 119
Cal. 376, 51 Pac. 555; Griffith v. Ridpath, 38 Wash. 450,

80 Pac. 820; Lemke v. Deagling, (Wis.) 9 N. W. 399;
Hightower v. Kitchens, 118 Ga. 277, 45 S. E. 267; Beers
v. Hiatt, 18 Kan. 195, 64 Fed. 712.) The petition states
facts sufficient to authorize a judgment for the value of
the services, whether there was an agreed price or not.
(Usher v. Hiatt, 18 Kan. 195; Beers v. Kuehn, (Wis.)
54 N. W. 109.) No motion was made to strike out any
portion of the petition, to make it more definite and certain,
or to separately state and number the causes of action,
and there is no claim that the defendant was surprised by
proof of the reasonable value of the services.

It is not the law that an action upon an express contract
and one on an implied contract cannot be joined because
inconsistent, and if so joined, that the plaintiff would be
required to elect between such causes of action. (Willard
v. Carrigan, (Ariz.) 68 Pac. 538; Wilson v. Smith, 61
Cal. 209; Londregon v. Crowley, 12 Conn. 558; Heminger
v. West. Assur. Co., 95 Mich. 355; Moore v. Mfg. Co.,
113 Mo. 98; Longprey v. Yates, 31 Hun, 432; McDowell
v. Oyer, 21 Pa. St. 417; Loftus v. King, 23 Tex. Civ. App.
36; Sucke v. Hutchinson, 97 Wis. 373; Murphy v. Quigley,
21 O. C. C. 313; Gray v. Bass, 42 Ga. 270; School Dist.
v. Boyer, 46 Kan. 54; Squire v. Brew. Co., 90 Mo. App.
462; Tucker v. Virginia City, 4 Nev. 20; Copeland v. Mfg.
Co., 3 N. Y. Supp. 42; Fant v. Andrews, 46 S. W. 909;
Krester v. Cary, 52 Wis. 374, 9 N. W. 161; Rucker v.
Hall, 103 Cal. 425, 38 Pac. 962.)

POTTER, JUSTICE.

This action was brought by I. E. Gilbert against the E.
D. Metcalf Company, a corporation, engaged in the mercan-
tile business and conducting a general store in the City of
Buffalo, in this state. The material allegations of the peti-
tion are as follows:

"That on or about the 6th day of April, 1908, said defend-
ant employed the plaintiff herein to render services for
said defendant company and in and about said store, as
manager and salesman, at the agreed price for such services

at $100 per month, and that said plaintiff did, in pursuance of such contract and agreement so made and entered into by and between said plaintiff and defendant, on the 6th day of April, 1908, enter into and commence such services, and did, as such manager and salesman, continue in such service and for said defendant, from the said 6th day of April, 1908, to the 21st day of May, 1908, inclusive, and from the 19th day of June, 1908, to the 14th day of November, 1908, inclusive, and from the 23rd day of November, 1908, to and including the 30th day of November, 1908, thereby rendering services for said defendant as aforesaid, for the period of six months and twenty days, and at the agreed price of $100 per month, and which services were reasonably worth $100 per month, and amounting in all to the sum of six hundred sixty-six dollars and sixty-seven cents ($666.67), no part of which has been paid or satisfied, save and except the sum of one hundred fifty-eight and 32/100 dollars. * * * And that by reason of the premises there is still due and owing and payable to this plaintiff from said defendant and for said services, the sum of five hundred eight and 35/100 dollars, with interest thereon at eight per cent. per annum from February 15th, 1909." There is a prayer for judgment for the amount so alleged to be due.

The answer denies generally the allegations of the petition above quoted; and for a separate defense alleges that the plaintiff entered the store of defendant for the purpose of familiarizing himself with the defendant's business, and solely for his own benefit, pursuant to an oral agreement for the purchase by plaintiff of an interest in said business, which agreement he failed and refused to perform. By way of counterclaim the facts of said agreement and the failure of the plaintiff to perform the same are alleged, and also certain acts of plaintiff while employed in defendant's store injurious to the defendant, and a judgment against the plaintiff on account thereof is demanded in the sum of twelve hundred dollars. A reply was filed admitting

that an oral agreement was made between the plaintiff and defendant for the sale to and purchase by the plaintiff of an interest amounting to many thousand dollars in the stock of goods of the defendant, and alleging that plaintiff was at all times ready and willing to comply with the terms of said agreement, but that the defendant wholly failed to keep and perform the same, and failed and refused to deliver to plaintiff the goods aforesaid so agreed to be sold and delivered and has never delivered any part thereof to plaintiff. The reply denies all the other allegations of new matter in the answer. It is also separately alleged in the reply that the agreement alleged in the counterclaim was for the purchase and sale of goods, wares and merchandise to the value of $12,500; that no part thereof was ever delivered to or received or accepted by the plaintiff, and that said contract nor any memorandum thereof was ever reduced to writing or signed by either plaintiff or defendant, and the same is null and void.

Upon a trial without a jury the following findings were made:

"1. That the allegations of the plaintiff's petition have been sustained by the evidence in so far as to entitle the plaintiff to recover upon a *quantum meruit* for services rendered to said defendant for the time stated in said petition; and the court further finds that such services were reasonably worth the sum of $50.00 per month, and that the time in which the plaintiff was in the employ of the said defendant was six months and twenty days; that such services in the aggregate are reasonably worth the sum of $333.32, for which the defendant is entitled to a credit of $158.32, leaving a balance due the said plaintiff in the sum of $175.00, for which balance due the plaintiff is entitled to recover judgment with costs of suit. 2. The court further finds that the allegations contained in the counterclaim of said defendant have not been sustained by the evidence."

Thereupon judgment was rendered in favor of the plaintiff for $175 and costs, and the counterclaim of the defend-

ant was dismissed.  A motion for new trial was duly filed by the defendant and overruled, and the cause is here on error.

The evidence discloses that the oral agreement referred to in the pleadings relative to the purchase by the plaintiff of an interest in the business of defendant contemplated his investing in such business twelve thousand to fifteen thousand dollars by purchasing shares of stock in the corporation then owned or controlled by E. D. Metcalf, who held all but two of the shares of the entire capital stock of the company, and practically controlled its affairs, and the negotiations were between him and the plaintiff.  We do not understand it to be seriously contended that the defendant was entitled to recover upon its counterclaim.  But if the general statement in the brief to the effect that the defendant should have recovered substantial damages upon the counterclaim is to be taken as showing that counsel relies upon the proposition, and as a sufficient presentation thereof, without further argument, to require its consideration, we deem it necessary only to say that it is not perceived that the defendant established a right to so recover under the pleadings and evidence, so far as the failure of the plaintiff to perform the oral agreement for the purchase of an interest in the business is concerned.  The evidence is conflicting as to the terms, conditions and representations under which the plaintiff entered the store of defendant and performed the alleged services, and as to his acts while so employed mentioned in the answer, and no good reason appears for not applying the usual rule in such cases.

The fact that the plaintiff performed the services alleged in the petition is not disputed, and it appears that while employed in the store of defendant he was in charge of the clothing department.  But that he was to receive any salary or compensation in case he failed to purchase an interest in the business is disputed, and the evidence is conflicting on that point.  We think the evidence is sufficient to sustain the findings and judgment of the court ignoring the alleged

contract as to salary and allowing the plaintiff fifty dollars
per month for the time he was employed, as the reasonable
value of the services performed. A competent witness for
the plaintiff testified without objection that the services of
plaintiff were reasonably worth one hundred dollars per
month, while there was testimony on the part of the de-
fendant that in view of the circumstances under which the
plaintiff was allowed to render the, services they were of
no value. It is, however, contended that the findings are
not within the issues, and that the judgment should be
reversed upon that ground. It is earnestly and ably argued
that the action is upon an express contract, and that as
the contract alleged was not established there could be no
recovery. The argument is based upon the rule which
seems to be generally maintained that where a party de-
clares upon an express contract he cannot recover upon an
implied contract, or on a *quantum meruit.* (9 Cyc. 749;
Abbott's Tr. Br., Vol. 2, p. 1704; Scholtz v. Schneck's Est.
(Ind.), 91 N. E. 730; Martinez v. Runkle, 57 N. J. L. 111;
Dorrington v. Powell, 52 Neb. 440; Walker v. Irwin, (Ind.)
62 N. W. 785; Pearson v. Switzer, (Wis.) 74 N. W. 214:
Duncan v. Gray, (Ia.) 79 N. W. 362; Hunt v. Tuttle,
(Ia.) 101 N. W. 509; Doyle v. Edwards, (S. D.) 91
N. W. 322; Ecker v. Isaacs, (Minn.) 107 N. W. 1053.)
In 22 Encyclopedia of Pleading and Practice, at page 1378,
the rule aforesaid as applied to actions for the recovery of
compensation for services rendered, is stated as follows:

"By the weight of authority, where the plaintiff declares
specially, without including any *quantum meruit* count in
his declaration, and where the whole theory of his case is
that there is a special contract under which he is entitled
to compensation, a total failure to prove such contract, or
a material variance between the averments and proof in
regard thereto, is fatal, and he cannot recover upon a
*quantum meruit.* But where it is apparent that the de-
fendant has not been misled by such a variance, it will be

regarded as immaterial, and the plaintiff will be allowed to recover as upon a *quantum meruit."*

The general rule above stated does not obtain in some states.   In the leading case in New York, the plaintiff claimed an agreed compensation for the sale as a broker of real estate, and the principal points litigated were whether such agreement had been made or whether the plaintiff was in fact the efficient cause of the sale.   The verdict was against the special agreement, but allowed the plaintiff a commission upon the sale, and it was contended that the plaintiff could not recover as upon a *quantum meruit.*   The court said: "1. The complaint contains sufficient averments to enable the plaintiff to recover the value of the services rendered, without reference to the allegation of an agreed compensation.   2. At most it was only a variance between pleading and proof, which might be disregarded unless it misled the defendants, which was not pretended.   3. This objection was not taken at the trial."   (Susdorff v. Schmidt, 55 N. Y. 319.)   And it is now said in New York to be the settled law that under a declaration on a special contract, if the proofs fail to establish it, but do in fact show the rendition of services, a recovery may be had upon a *quantum meruit.*   (Shirk v. Brookfield, 77 App. Div. 295; Rubin v. Cohen, 129 App. Div. 395; Shaw v. Hotchkiss, 143 Fed. 680.)   This is the rule also in North Carolina.   (Stokes v. Taylor, 10 S. E. 566; Wittowski v. Harris, 64 Fed. 712.)   But in that state the code allows a party to recover judgment for any relief to which the facts may entitle him, although not demanded in his complaint.   (Wittowski v. Harris, *supra.*)   The New York rule is followed in Nevada.   (Burgess v. Helm, 51 Pac. 1025.)   In Connecticut it is held not error to render judgment for the reasonable value of the work and labor performed, where it is alleged that the contract was for an agreed price, and the proof fails in that particular.   (Brewster v. Aldrich, 70 Conn. 51; Schmitovitz v. Bares, 75 Conn. 714.)

It is settled law that where the contract has been fully performed by the plaintiff, and nothing remains to be done but the payment of the money by the defendant, it is not necessary to set out or declare upon the special contract, but the liability of the defendant may be enforced under a count for the reasonable value of the services. In such case the contract may be used as evidence, and the recovery cannot exceed the amount thereby agreed upon; the only effect in such case of proof of an express contract as to price is that the stipulated price becomes the *quantum meruit*. (2 Ency. Pl. & Pr. 1009; 9 Cyc. 685, 686; 2 Abbott's Tr. Br. 1537; Harrison v. Hancock, (Neb.) 89 N. W. 374.)

It is also clearly settled by the weight of authority, and we think correctly, that a count upon a *quantum meruit* may be joined with one upon a special contract, although each states only a separate ground for substantially the same recovery. This may often be necessary and is allowed for the purpose of meeting the exigencies of the proofs. (Leonard v. Roberts, (Colo.) 36 Pac. 880; Spotswood v. Morris, (Ida.) 77 Pac. 216; Edwards v. Hartshorn, (Kan.) 82 Pac. 520; Badger Telephone Co. v. Wolf River Tel. Co., 120 Wis. 169; Ware v. Reese, 59 Ga. 588; Childs v. Rains, 66 Mo. App. 422; Remy v. Olds, (Cal.) 26 Pac. 355; Cowan v. Abbott, (Cal.) 28 Pac. 213; Van Arsdale-Osborne Co. v. Foster, (Kan.) 100 Pac. 480; Willard v. Carrigan, (Ariz.) 68 Pac. 538; Berry v. Craig, (Kan.) 91 Pac. 913; Moore v. Gans & Sons Mfg. Co., 113 Mo. 98; Murphy v. Quigley, 21 O. C. C. 313, affirmed in 65 O. St. 598; Rucker v. Hall, (Cal.) 38 Pac. 962; 2 Abbott's Tr. Br. 1260; 2 Bates Pl. Pr. Par. & Forms, 1275; Bliss on Code Pl., Sec. 120.) In Berry v. Craig, *supra,* the action of the trial court in overruling a motion to compel an election between the two counts was sustained, the court saying: "The two counts were entirely consistent. Neither contradicted the other. The facts stated in the first might be true and the facts stated in the second also might be true. If an express contract existed, recovery could not be had upon an implied contract,

but to meet the possible exigencies of the proof, the plaintiff had the right to go to the jury upon both sets of allegations." The Supreme Court of Colorado, in Cramer v. Oppenstein, 16 Colo. 504, discussing the provision of the code that there shall be no unnecessary repetition of the facts constituting the cause of action, say: "Duplicate statements for the same cause of action are not absolutely prohibited. They may sometimes be necessary and therefore permissible, as where there is reasonable cause to believe that the plaintiff cannot safely go to trial upon a single statement." And again the same court say, in sustaining the action of the trial court in refusing a motion to compel a plaintiff to elect whether he would proceed upon a count alleging a special contract or one seeking recovery upon a *quantum meruit*: "At common law it was the custom to plead the same cause of action in different forms, to avoid the objection of variance between the allegata and probata, but this practice should only be allowed under the reform procedure in exceptional cases, and then only to prevent a failure of justice. The code does not absolutely prohibit such pleadings, but provides simply that the facts shall be stated in concise language, without unnecessary repetition. It is sometimes impossible to be certain in advance of the real ground of liability, and, while double pleadings should be restricted within the narrowest limits possible without unnecessarily endangering plaintiff's rights, or subjecting him to the danger of a non-suit, in this case the trial court properly refused the defendant's motion to compel the plaintiff to elect upon which count he would proceed."

The petition in the case at bar contains but one count. It is alleged, however, that the agreed price to be paid the plaintiff for his services was one hundred dollars per month, and also that his said services were reasonably worth that amount. Thus in one count a claim under a special contract is united with one for the reasonable value of the services rendered, and the allegations seem to be sufficient to support either claim. This does not render the petition

demurrable on the ground that several causes of action are improperly joined, for that ground of demurrer applies only where causes of action which are not permitted to be joined are embraced in one pleading. (Pomeroy's Code Rem., Sec. 447; I Kinkead's Code Pl., Sec. 20; Hartford v. Bennett, 10 O. St. 441; Ridenour v. Mayo, 29 O. St. 138.) The irregularity consists in disregarding the statute which provides that when the petition contains more than one cause of action they shall be separately stated and numbered. (Comp. Stat. 1910, Sec. 4380.) And the plaintiff might have been required on motion to comply with the statute, or objection might have been made by motion to make the petition definite and certain. We cannot agree with counsel for the defendant, plaintiff in error here, that the allegation as to the reasonable value of the services is to be regarded as surplusage. It is clearly neither redundant nor irrelevant. Redundancy is described as excessive statement, or as consisting of repetition. "An allegation is irrelevant, when it does not relate to or affect the matter in controversy, and when it can in no way affect or assist the decision of the court." (Phillips on Code Pl., Sec. 281; I Kinkead's Code Pl., Sec. 121.) "In a legal action all matter stated in addition to the allegations of issuable facts, and in an equitable action all such matter in addition to the averments of material facts affecting the remedy, is unnecessary, and therefore immaterial and redundant." (Pomeroy's Rem. & Remed. R., Sec. 551.) A distinct issue was presented by the allegation in question, in connection with other averments of the petition.

The form of the petition not having been properly challenged, it is to be construed the same as though there were separate statements of two causes of action,—one upon an express contract for the agreed price, and one upon implied contract for the reasonable value of the services rendered. (Beers v. Kuehn, 84 Wis. 33, 54 N. W. 109; Elder v. Rourke, 27 Oreg. 363, 41 Pac. 6; Usher v. Hiatt, 18 Kan. 195; Sucke v. Hutchinson, 97 Wis. 373; Waterman v.

Waterman, 81 Wis. 17; Lewis v. Railroad, 95 N. C. 179; Noyes v. Carriage Co., 31 Ind. App. 300; Cann v. Rector, etc., (Mo. App.) 85 S. W. 994; Remmers v. Shubert, (Mo. App.) 134 S. W. 1042; Cosgrove v. Burton, (Mo. App.) 78 S. W. 667.) The Supreme Court of Colorado declined in a recent case to decide the question, deeming it unnecessary, but assumed for the purposes of the case the view taken of the complaint in the Wisconsin case of Beers v. Kuehn. (Little Nell Gold Min. Co. v. Hemby, 101 Pac. 981.) In Beers v. Kuehn, *supra,* the Wisconsin court say:

"Now, had the complaint contained two separate counts,—one to recover an agreed price, and one to recover the reasonable value,—and had the proofs been the same as they are in this record, there would be no doubt of the right of the plaintiffs to recover the reasonable value of the work in case the jury found that by honest and mutual mistake the minds of the parties had never met and assented to the same terms of contract. In the present case the complaint blends a cause of action upon express contract for the agreed price with a cause of action upon implied contract for the reasonable value of the work. The allegations are entirely sufficient to make a good complaint upon both causes of action, but the trouble is they are not stated separately, as the rules of pleading require. While this is poor pleading, it is not fatal to the causes of action thus blended. Advantage of the error must be taken by motion to make definite and certain. (Baxter v. State, 9 Wis. 38.) The defendant, not having chosen to take advantage of the error, but having gone to trial upon a complaint which contains sufficient allegations to cover both causes of action, should be prepared to meet them both."

Taking the view of the case above stated, it follows that the judgment must be affirmed, and it will be so ordered.

*Affirmed.*

BEARD, C. J., concurs.

SCOTT, J., did not sit.