H. E. SUMMERFORD,

*Plaintiff and Respondent*

vs.

DAVIS OIL COMPANY, a co-partnership,

*Defendant and Appellant.*

(No. 2822; May 27th, 1958; 326 Pac. 2d. 100)

For the defendant and appellant, the cause was submitted upon the brief and oral argument of Mr. Robert A. Burgess of Casper, Wyoming.

For the plaintiff and respondent, the cause was submitted upon the brief and oral argument of Mr. G. Joseph Cardine, of Casper, Wyoming.

Heard before Blume, C.J., and Harnsberger and Parker, JJ.

## OPINION

Mr. Justice HARNSBERGER delivered the opinion of this court.

Plaintiff sued to recover $658 claimed to be due for

services rendered. Judgment for plaintiff and defendant appeals.

Before trial plaintiff amended his original petition and, pursuant to order of court requiring that an exhibit attached to and made a part of the amended petition be made more definite and certain, plaintiff also amended the exhibit. Defendant answered, plaintiff replied, the case was tried to the court without jury and concluded on August 8, 1957. The following day plaintiff applied for leave to amend, under authority of § 3-1704, W.C.S. 1945, which provision in applicable part is as follows:

" * * * by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved; and when an action or proceeding fails to conform to the provisions of this act, the court may permit the same to be made conformable thereto, by amendment. * * * "

Leave was granted and plaintiff filed a further pleading entitled "Second Amended Petition". This second amended petition differed from the original amended petition only by the addition of the following: "6. That plaintiff did make a geologic study, prepare a report, and commence negotiations on behalf of defendant toward acquiring said oil field; that attached hereto, marked amended exhibit 'A', referred to and by this reference incorporated herein, is a summary of the services rendered, work done, time worked and the rate charged therefore; that said work was done and services rendered at the special instance and request of defendant's agent, servant or employee, Marvin Davis, and upon his promise to pay for the same; that the reasonable value of said work and services is $1,000.00 and plaintiff should be paid one-half of this amount as previously agreed by the parties hereto."

The same day this last amendment was made the court entered judgment in plaintiff's favor.

Defendant claims the court erred in permitting plaintiff to make the final amendment, and contends the additional paragraph pleads a new cause of action by seeking recovery quantum meruit as well as upon express contract which latter action defendant insists was the single cause pleaded by the original amended petition. This contention overlooks that in addition to the express contract pleaded in the body of plaintiff's amended petition, there was attached to and by express reference made a part of plaintiff's amended petition the amended exhibit which, at least in liberal construction, when read with the balance of the amended petition, pleaded for recovery quantum meruit as follows:

"Plaintiff charged defendant for work done on this project at defendant's special instance and request, at the rate of $100.00 per day. This rate is the usual fee charged by geologists in this area for work of a comparable nature and is a reasonable charge for such work. Plaintiff"'s usual fee for this work was the sum of $1,000.00, this figure being arrived at by multiplying 10 days work times the rate of $100.00 per day. Plaintiff charged defendant for this work one-half his usual fee or one-half of $1,000.00 or $500.00."

While plaintiff's original amended petition, together with its amended exhibit, is far from being a model of good pleading, defendant did not ask that plaintiff be required to separately state and number the two causes of action which, as we have indicated, may by generous construction be considered to have been pleaded. By going to trial under such circumstances, the defendant waived the right to have those two causes of action separately stated and numbered. The substantial similarity between the criticized amendment made after the trial was concluded and the paragraph appearing in the amended exhibit to the original amended petition does not justify defendant's

claim of surprise or that defendant was misled or prejudiced. See E. D. Metcalf Co. v. Gilbert, 19 Wyo. 331, 116 P. 1017. Neither can the trial court be said to have abused its discretion when, in a possible excess of caution, it permitted the further amendment at the close of the case. This was obviously prompted by the court's desire to insure there would be no question about the pleadings conforming to the proof which had been taken.

It is also claimed that the judgment is not supported by evidence on either the theory of quantum meruit or of an express contract.

The evidence shows that the defendant's representative employed plaintiff to get "all the dope" he could on the property involved and that defendant would pay for plaintiff's time and expenses; that the usual charges made by plaintiff were $100 per day and expenses but that plaintiff agreed to only charge defendant one-half his usual fee or $50 per day; that plaintiff spent ten days in that service and the items submitted as expenses do not seem to be materially disputed. This evidence alone was sufficient to support the court's findings and judgment, leaving defendant's second claim of error to be without substance.

As we find no error, the judgment below will be affirmed.

AFFIRMED.