# HECHT v. STANTON.

CONTRACT FOR CONSTRUCTION IRRIGATING DITCH — ACTION ON QUANTUM MERIUT FOR EXCAVATION — RIGHT TO RECOVER ON CONTRACT SET UP AS DEFENSE.

1. A contract for construction of an irrigating ditch provided for the perfomance of the work under the supervision of an engineer and to his entire satisfaction, and also that the work should be done in a good and workmanlike manner, and for partial payments during work of construction, and final payment upon completion and inspection by the engineer, and according to measurements made by him. The contractor sued for the balance claimed to be due for the excavation, fixing the sum at the contract rate, but claimed to have excavated a greater quantity of earth than was previously estimated by the engineer in charge to be necessary. The evidence was conflicting as to whether defendant had accepted the ditch, but it appeared that he took possession, and did some additional excavation, asserting that the ditch had not been properly constructed or completed. A verdict was returned for the contractor in a sum somewhat less than the estimate made by the engineer on the basis of completion of the ditch. Held, that the evidence fairly sustained the verdict, there being evidence from which the jury might well find that the ditch had been accepted, and the condition of the contract with respect to approval of engineer waived.

2. The evidence held to be sufficient whether the jury rejected the contract or not.

3. The action being based upon a quantum meriut, and the contract under which the work was done being set up as a defense, it is not necessary that a recovery be had upon the quantum meriut or not at all.

4. The contract set up by defendant might change the amount of the recovery, but could not preclude an inquiry as to whether anything was due to plaintiff or not.

[Decided November 19, 1895.   Rehearing denied February 1, 1896. Commenced in District Court May 18, 1891.]

ERROR to the District Court for the county of Laramie, HON. RICHARD H. SCOTT, Judge.

Frederick J. Stanton brought this action against Charles Hecht and Edward Farrell to recover the sum of $1,284.20 with interest from September 1, 1890. The cause of action as stated in the petition was that the plaintiff had, at the instance and request of defendants, made, excavated, and constructed an irrigating ditch, and in so doing had necessarily removed 29,432 cubic yards of stone, gravel, and earth, which was reasonably worth ten cents per cubic yard, or a total sum of $2,943.20. Payments amounting to $1,659 were admitted.

Edward Farrel did not appear, and it was developed that he had no interest in the ditch. The defendant, Charles Hecht, filed an answer denying the performance of the work as alleged in the petition, and as a separate defense averred in substance that the plaintiff had commenced the construction of an irrigating ditch, and that the work so commenced was not done upon any promise of either defendant to pay the reasonable value of the excavation and work, but that it was done under an express contract in writing. The terms of the contract were then set out, by which it appeared that the line of the ditch had been surveyed by William O. Owen, an engineer, and the ditch was to be constructed along and in conformity with that survey; that the work should be done to the entire satisfaction, and under the supervision and direction of, said engineer; that the amount of dirt and material removed should be determined by the measurements of said engineer; and that the ditch should be fully completed on or before July 15, 1890. It was alleged that the ditch was not constructed in a good and

workmanlike manner, nor of the dimensions required by the contract, nor to the satisfaction of said engineer; and that neither the engineer nor the defendants had received the ditch. It was, however, averred that a partially constructed ditch was submitted to the engineer, and plaintiff refused to complete it to the damage of the defendant in the sum of $1,000. Plaintiff, in his reply, admitted the contract, and set the same out in haec verba, but claimed that he had been induced to enter into the contract by fraudulent representations respecting the character of the ground and soil to be excavated. It was also charged that defendant had accepted the ditch as fully completed. All charges contained in the answer concerning the failure of plaintiff to properly perform his contract were denied. Upon the trial the engineer in charge testified that had the ditch been properly constructed and completed there would have been removed 22,212 cubic yards of earth. The plaintiff produced two engineers who had surveyed the ditch and taken measurements thereof after its construction who testified respectively that 29,432 cubic yards, and 27,476 cubic yards, had been removed. The defendant produced a witness who testified that it would cost about $1,000 to complete the ditch in accordance with the contract, after plaintiff had abandoned the work. Some evidence was introduced by both parties in respect to the character of the possession which defendant took, when he assumed charge of the ditch. The attempt on the one hand being to show an acceptance, and on the other to disprove it. The jury returned a verdict for plaintiff for $825.34. Defendant prosecuted error from the judgment entered upon the verdict.

*Burke & Fowler* for plaintiff in error.

Such statements as are alleged to have been made by plaintiff in error as to the character of the soil to be excavated, could amount only to expressions of opinion, which, although erroneous, would not authorize avoidance of the obligations of the contract on the part of the defendant in

error, the contractor. Representations as to what is under the surface in the soil, are and can be but expressions of opinion, and upon which fraud can not be predicated. (Nounan et al. v. Sutter Co., Land Co., 81 Cal., 1; Watts v. Cummings, 59 Pa. St., 84; So. Dev't Co. v. Silver, 125 U. S., 247; 2 Pars. on Cont., 770–781.) The contractor had ample opportunity to ascertain the exact nature of the work before signing the contract. A neglect to make a reasonable examination will preclude one from rescinding a contract on the ground of fraudulent representations. (Farnsworth v. Duffner, 142 U. S., 43.) The fraud must clearly appear, and the burden is upon the plaintiff. (U. R. R. Co. v. Duff, 124 U. S., 173.) The representation must be material, and be acted on in belief of its truth. (Farrar v. Churchill, 135 U. S., 609.) A party seeking to set aside a transaction for fraud must act promptly upon ascertaining the fraud. (Nounan v. Sutter L'd Co., supra; Cruger v. R. R. Co., 16 N. W., 313; R. R. Co. v. Rawle, 24 Wend., 74; Wilcox v. Stewart, 11 So., 659.)

Where parties agree that work to be done by one of them is to be performed at a fixed price, and to the satisfaction of a certain individual, and upon his certificate as to the amount due, his judgment and estimate as to such work is conclusive. (Ogden v. U. S., 60 Fed., 725; Moore v. Kerr, 65 Cal., 519; C. S. F. & C. R. Co. v. Price, 138 U. S., 125; Hudson v. McDarthy, 33 Wis., 332.) It is error for the court to give undue prominence in the instructions to one phase of the case. (Lincoln v. Beekman, 23 Neb., 682; Kersenbrock v. Martin, 12 id., 376; Markle v. Mundy, 11 id., 218.) It is error to refuse an instruction which states the law correctly in any possible view of the case. (Matthewson v. Burr, 6 Neb. 320; Severance v. Melek, 15 id., 614; Haussel v. Thrail, 18 id., 488.) The question whether a representation alleged to be false is or is not material is a question for the jury. (2 Pars. Cont., 770; McAleer v. Outerbridge, 35 Md., 429.) On Petition for Rehearing: It is apparent that the

court bases its decision upon the right of defendant in error to recover upon the contract. If so, then the contract must be held not to have been avoided. It specifically required that the work should be performed to the entire satisfaction of. the engineer in charge. The evidence shows that the engineer did not approve or accept the work, but refused to do so. (Authorities cited supra.) No other measurements than those of Owen can be taken into consideration.

Defendant in error, in his own behalf, contended that fraud had been practiced, and that the verdict was justified, discussing the evidence quite fully in the brief, and cited the following authorities. (Phipps v. Buckman, 30 Pa. St., 401; Buckholder v. Beetem, 65 id., 426; Watts v. Cummings, 59 id., 64; 63 id., 347; 71 id., 95; 7 Pitts. L. J., 164; 29 Leg. Int., 230; 3 Or., 333; 1 Pitts., 233; 56 Cal., 89; Story on Cont., Sec. 506.)

CONAWAY, JUSTICE.

This action was brought in the district court for Laramie County for the recovery of $1,284.20, balance due for excavating 29,432 cubic yards of earth in the construction of an irrigating ditch, with interest at twelve per cent. per annum from Sept. 1, 1890.

It is alleged that plaintiff in error promised to pay the reasonable worth of this work, and that it is reasonably worth ten cents per cubic yard. The work was actually begun under a contract fixing the price at ten cents per cubic yard, but defendant in error claims that this contract was procured by fraudulent representations that the work was not so difficult or valuable as it proved to be. He, however, claims but that price for the excavation done by him. The contract provides that defendant in error "will in all respects perform the work of constructing said ditch "in a good, complete, thorough, and workmanlike manner, "such as is usual upon first-class ditches in this country; "that all the work thereon shall be performed under the "supervision and direction of William O. Owen as engi-

"neer, and to his entire satisfaction." Owen was the engineer who surveyed the line of ditch upon which it was constructed. The contract further provided for payments of eighty-five per cent. of the value of the excavations made from time to time during the progress of the work, to be determined by the engineer; and, further, that as soon as said ditch is completed, if done by the 15th of July, 1890, and as soon as said ditch is inspected by said William O. Owen, engineer, and the said parties of the second part (the parties of the second part being plaintiff in error and a co-partner), which shall be done immediately, if said ditch is found to be complete, and in good order and condition, and the work done thereon in conformity with this contract, then they will pay the full balance, etc. There is conflicting evidence as to whether plaintiff in error accepted the ditch. There is evidence not conflicting that plaintiff in error took possession of the ditch, and did additional excavating upon it. He testifies that this cost him about $800.00. He does not show how much excavating he did, or what it would have cost him if defendant in error had done it at ten cents per cubic yard, the contract price. The amount of excavation necessary, as estimated by the engineer before the work was done, was 22,212 cubic yards. The amount actually excavated, as shown by the testimony of Apperson, an engineer who made the measurement of the same in July, 1890, the same month that defendant in error finished his work on the ditch, was 29,432 cubic yards. Pease, another engineer, made measurements in January, 1893, and found that the excavation amounted to 27,476 cubic yards, as shown by his measurements at that time. There was paid during the progress of the work $1,659.00. It is apparent that the jury made a large deduction from the amount due defendant in error, according to either of these measurements. The engineer, Owen, made no measurement or estimate of the amount of excavation after the work was done. Taking his estimate made before the work was done as a basis, the jury have made a small deduction. While the

testimony is conflicting in some particulars, the evidence fairly sustains the verdict of the jury. The law of the case seems to have been fairly presented to the jury in the instructions given. We find no prejudicial error in the giving or refusal of instructions.

*Judgment affirmed.*

GROESBECK, C. J., and HAYFORD, DIST. J., concur.

(HON. J. H. HAYFORD, judge of the second judicial district sat in lieu of MR. JUSTICE POTTER, who was disqualified by having been of counsel in the trial court.)

CONAWAY, JUSTICE.

All the points upon which a rehearing is asked were fully considered on the original hearing, and on reconsideration now we are satisfied the decision was correct.

One point of the petition for rehearing deserves special mention. It is that the court erred "in holding that upon "taking the estimate made before the work was done as "a basis, the jury have made a small deduction from what "the defendant in error would be entitled to." Counsel, in the computation upon this point, has fallen into the error of omitting the very material matter of interest. We repeat that there is no conflicting evidence as to whether plaintiff in error accepted the ditch. There is evidence from which the jury might well find that plaintiff in error accepted the ditch, and waived the condition of the contract that it should be inspected and approved by the engineer, Owen.

We are not informed by the record whether the jury rejected the contract or not. There is ample evidence to sustain the verdict whether they did reject it or did not. Defendant in error is not paid by the verdict and judgment for the full amount of the excavation which he did at the contract price of ten cents per cubic yard. And this is the price he claims in his petition as on a quantum meruit, although he testifies that some of the work was worth twenty-five cents per cubic yard.

As we understand the argument on behalf of plaintiff in error, the position is taken that defendant in error must recover upon his quantum meruit or not at all, although the evidence may show that he is entitled to recover under the contract set up by plaintiff in error in his defense. We can not agree to this proposition. Neither do the authorities cited sustain it. The contract might change the amount of the recovery, but could not preclude an inquiry as to whether anything was due to defendant in error or not. The verdict is sustained by the evidence, and the judgment upon the verdict is affirmed.

GROESBECK, C. J., and HAYFORD, Dist. J., concur.