## EVANS v. CHEYENNE CEMENT, STONE & BRICK COMPANY.

### (No. 673.)

WORK AND LABOR—ASSUMPSIT—SUFFICIENCY OF PETITION—QUANTUM MERUIT — EXPRESS CONTRACT — APPEAL AND ERROR — CONFLICTING EVIDENCE—REVIEW.

1. A petition in an action to recover the alleged value of work and labor and materials furnished *held* sufficient; the petition alleging the corporate capacity of the plaintiff, that the plaintiff, at defendant's request, furnished materials and labor and constructed a sidewalk around defendant's property, described as situated at the northeast corner of certain streets in a certain city named, that the labor and material so furnished and the sidewalk so constructed were of the reasonable value of $163.28, and that said sum was due and unpaid.

2. Where plaintiff sued for work and labor performed and materials furnished at defendant's request, in the construction of a sidewalk, and alleged in the petition the reasonable value of the labor and materials and the sidewalk as constructed, and that the amount thereof was due and unpaid, the fact that it appeared, as alleged in the answer, that there was an express contract between the parties for the construction of the sidewalk, stating the price to be paid therefor, did not bar plaintiff's right to recover the contract price.

3. In an action for work and labor and materials furnished, where the petition is upon a *quantum meruit,* proof of a special contract fixing the price to be paid for said labor and the furnishing of the materials will not necessarily defeat the plaintiff's recovery, but the contract price becomes the *quantum meruit* in the case.

4. Where the evidence on several questions of fact was conflicting, but there was sufficient evidence on each of them to support the findings, *Held,* that the judgment would not be reversed on the ground that it was not sustained by the evidence.

[Decided March 24, 1913.]                    (130 Pac. 849.)

Error to the District Court, Laramie County; Hon. Charles E. Carpenter, Judge.

The Cheyenne Cement, Stone and Brick Company brought the action against David P. Evans to recover the alleged value of the labor and materials furnished in the construction of a sidewalk. The answer alleged that the work was done under a special contract, and that it failed to comply with the contract in certain particulars. Judgment was rendered for the plaintiff, and the defendant brought error. The other material facts are stated in the opinion.

*Ray E. Lee* and *Charles F. Mallin,* for plaintiff in error.

The petition is insufficient to authorize a recovery. (2 Ency. Pl. & Pr. 1010; 6 id. 643; 15 Ency. Law, 1007; Bannister v. Coal & Coke Co., 61 S. E. 338; Bushnell v. Cogshall, 62 Pac. 1101.) It should have alleged that the de-

fendant had accepted the work as done and promised to pay for it. The work having been done under a special contract the plaintiff could not recover the reasonable value thereof, except by proving substantial compliance with the contract, or that the defendant had accepted the work; and the burden of proof was upon the plaintiff to show that the contract was abandoned in order to recover another measure of value than that agreed upon by the parties to the contract. (Clark v. Smith, 14 Johns. 326; Peoria v. Fruin-Bambrick Co., 169 Ill. 36; Denmead v. Coburn, 15 Md. 29; Dermott v. Jones, 2 Wall. 1; Eckel v. Murphy, 15 Pa. St. 488; Elliott v. Caldwell, 43 Minn. 357; Fogg v. Rapid Trans. Co., 90 Hun, 274; Lumber Co. v. Sahrbacher, 38 Pac. 635; Harris v. Sharpless, 202 Pa. St. 243; Hart v. Mfg. Co., 221 Ill. 444; Hood v. Smiley, 5 Wyo. 70; Houlahan v. Clark, 110 Wis. 43; Jennings v. Camp., 13 Johns. 94; Perry v. Quackenbush, 38 Pac. 740; Smith v. Brady, 17 N. Y. 173; Turner v. Wills, 64 N. J. L. 269; Zottman v. San Francisco, 20 Cal. 96.)

The evidence discloses that the defendant did not accept the work, and therefore the plaintiff could not recover upon his petition, unless upon showing performance according to the contract. (Bozarth v. Dudley, 44 N. J. L. 304; Johnson v. Feshefeldt, 20 L. R. A. (N. S.) 1069; Denmead v. Coburn, *supra;* Dermott v. Jones, *supra.*) The contract was not complied with, since the sidewalk area had not been graded, as required by the city specifications, which were made a part of the contract. The sidewalk was constructed below grade. The approval of the City Engineer was required by the contract; this being shown by the proposal made by the plaintiff and accepted by the defendant; by the permit for the construction of the sidewalk issued by the engineer; and by the ordinances of the city. The plaintiff was not entitled to recover without showing such approval by the engineer or an excuse for not obtaining it. (Ashley v. Henahan, 50 O. St. 559; Beck v. B. & L. Co., 85 N. Y. Supp. 323; Diehl v. Schmalacker, 57 id. 244;

Guthat v. Gow, 95 Mich. 527; Hennessy v. Metzger, 152 Ill. 505; Cement Co. v. Beifeld, 173 Ill. 179; McAlpine v. Trustees, 101 Wis. 468; McNamara v. Harrison, 81 Ia. 486; Michaelis v. Wolf, 136 Ill. 68; Mundy v. L. & N. R. Co., 67 Fed. 633; Hardware Co. v. Berghoefer, 103 Wis. 359; Schmidt v. North Yakima, 12 Wash. 121; Smith v. Brady, 17 N. Y. 173; Vincent v. Stiles, 77 Ill. App. 200; Wendt v. Voegel, 87 Wis. 462; Pope v. King, 16 L. R. A. (N. S.) 489.)

The plaintiff having been guilty of a breach of the special contract, and having attempted to abandon it without completing the work, cannot disregard it and recover the reasonable value of the work performed.   (Barkstrom v. Ryan, 122 N. Y. Supp. 878; Clark v. Smith, 14 Johns. 326; Carpenter v. Gray, 12 R. I. 306; Ginther v. Schultz, 40 O. St. 104; Kennelly v. Walker, 107 N. Y. Supp. 95; Marshall v. Jones, 11 Me. 54; Maxwell v. Moore, 50 So. 882; Oakley v. Morton, 11 N. Y. 25; Tinley v. Van West, 104 N. Y. Supp. 3.)   The law will not imply a contract to build a sidewalk in a manner forbidden by the city ordinances. (Cundell v. Dawson, 4 Man. G. & S. 375; U. S. v. Dietrich, 126 Fed. 671; Church v. Ga. Light Co., 6 A. & E., 864; Brady v. Mayor &c., 16 How. Pr. 432; Cope v. Rowlands, 2 M & W. 149; People v. Metz, 24 L. R. A. (N. S.) 201; Yount v. Denning, 35 Pac. 207.)   The finding of substantial compliance with the contract without a finding of the defects and the reasonable damage caused thereby is insufficient.   (Manitowoc &c. Co. v. Glue Co., 97 N. W. 515; Norton v. U. S. &c Co., 85 N. Y. Supp. 886; Spence v. Ham, 163 N. Y. 220.)   The finding as to the reasonable value of the sidewalk was based on an improper measure of damages. (Hayward v. Leonard, 7 Pick. 181; Bell v. Fox, 123 N. Y. Supp. 310.)   The finding that defendant had accepted the work is contrary to the evidence, since such acceptance could not be inferred from the fact that the defendant permitted the sidewalk to remain and made use of it without objection.   (Gwinnup v. Shies, 161 Ind. 500; Hahl v.

Deutsch, 94 S. W. 443; Halleck v. Bresnahen, 3 Wyo. 73; Land Co. v. Brewer, 51 So. 559; Marchland v. Perrin, 124 N. W. 1112; Church v. Cement Co., 66 Md. 598.) The finding that the sidewalk had not been condemned by the city engineer is against the evidence, the city engineer having testified that he refused to approve the sidewalk because it did not comply with the city specifications; that he condemned a part of the material and ordered the work to stop two or three different times for the reason that the ingredients were not being properly mixed.

*Marion A. Kline,* for defendant in error.

No objection was raised to the petition in the Justice Court and it could not, therefore, be objected to on the trial in the District Court. (Comp. Stat. 1910, Sec. 5264.) Pleadings in justice courts are to be construed liberally. (Hudson Coal Co. v. Hauf, 109 Pac. 21; Everett v. Irwin, (Ind.) 94 N. E. 352; Brown v. Thompson, (Ind.) 90 N. E. 631; Costello v. Ten Eyck, (Mich.) 49 N. W. 153; 22 Ency. Pl. & Pr. 1365.) By filing an answer the defendant was estopped to deny that he did not know the nature of the action, or that he was unable to make an intelligent defense. (Sinkling v. Ill. Cent. R. Co., (S. D.) 74 N. W. 1029.) The objection to the petition having been made during the trial in the District Court by objecting to the introduction of any evidence, the most liberal construction will be given to the petition in order to sustain it. (1 Bates Pl. & Pr. 458, 459; Wilkins v. Stidger, 22 Cal. 232; Hudson Coal Co. v. Hauf, *supra.*)

There is no authority under the code of procedure in this state for a non-suit against the consent of the plaintiff; but if a non-suit is ever authorized any error in refusing it was cured by the evidence subsequently introduced. (Comp. Stat. 1910, Sec. 4610; Byrd v. Blessing, 11 O. St. 364; Stockstill v. R. Co., 24 O. St. 83; N. P. R. Co. v. Mares, 123 U. S. 713; Hopkins v. Clark, 158 N. Y. 304, 53 N. E. 27; Iron Co. v. Brown, 171 N. Y. 488, 64 N. E. 194; Lynch v. Johnson, 109 Mich. 640, 67 N. W. 908; Chicago &c. R.

Co. v. Wedel, 144 Ill. 9, 32 N. E. 547; Chamberlain v. Woodin, (Ida.) 23 Pac. 178; Runkle v. Burnham, 153 U. S. 222; Ry. Co. v. Snyder, 152 U. S. 683; Denver &c. R. Co. v. Smock, (Colo.) 48 Pac. 681; Gilmer v. Inv. Co., (Wash.) 79 Pac. 1103; Sigafus v. Porter, 179 U. S. 116; Denver &c. R. Co. v. Robinson, (Colo.) 40 Pac. 840; Ry. Co. v. Jones, (Md.) 50 Atl. 423; Keener v. Baker, 93 Fed. 377; Ratliff v. Ratliff, 131 N. C. 425, 63 L. R. A. 963; United Rys. &c. v. State (Md.), 49 Atl. 923; Lowe v. Ry. Co. (Cal.), 98 Pac. 675; Burnham v. R. Co. (N. H.), 45 Atl. 564; Thompson v. Avery (Utah), 39 Pac. 831; Horn v. Reitler (Colo.), 25 Pac. 502; Taylor v. Taylor (Or.), 103 Pac. 537; Yergy v. Helena &c. Co. (Mont.), 102 Pac. 316; Elmensorf v. Golden (Wash.), 80 Pac. 266; Weil v. Nevitt (Colo.), 31 Pac. 488; Bopp v. Electric &c. Co. (N. Y.), 69 N. E. 122; Bostwick v. Willett (N. J.), 60 Atl. 398; Esler v. Ry. Co. (N. J.), 58 Atl. 113; Dimuria v. Transfer Co. (Wash.), 97 Pac. 657; Ryan v. Lambert (Wash.), 96 Pac. 232; Curtin v. Lumber Co. (Wash.), 91 Pac. 956; Trickey v. Clark, 50 Ore. 516, 93 Pac. 457; Ry. Co. v. Henderson (Colo.), 13 Pac. 910; Barton v. Kane, 17 Wis. 38; Ingalls v. Oberg (Minn.), 72 N. W. 841; Carey v. Packet Co. (N. J.), 60 Atl. 180; Jones v. Ry. Co., 46 N. Y. Supp. 321; Ayres v. Ins. Co. (Ia.), 85 Am. Dec. 559; Weinhard v. Bank (Or.), 68 Pac. 806.)

The court found that the defendant had accepted the sidewalk, "and is now enjoying the use and benefits of the same." That finding was based upon competent evidence, and is, therefore, binding upon the appellate court. The court further found that the contract did not require an approval of the work by the city engineer. That finding was also supported by the evidence. The city specifications were not before the trial court, and, therefore, the finding as to the necessity for approval by the engineer must be accepted as final. All the evidence with reference to the grading of the sidewalk area is outside the issues in this case. But the court found that, although a part of the sidewalk was not upon the

established grade, neither the engineer nor the defendant offered any objection to its being constructed on the grade on which it was constructed.  Further, it was shown by the evidence that temporary grades were allowed by the engineer upon demand of the owner.

The plaintiff was entitled to recover the contract price, notwithstanding that he had sued for the reasonable value of the work and materials.   (Hecht v. Stanton, 6 Wyo. 84, 43 Pac. 508.)   There was sufficient competent evidence to support every finding of fact, and that being true the appellate court will not disturb the findings.   (Slothower v. Hunter, 15 Wyo. 189, 88 Pac. 36; Riordan v. Horton, 16 Wyo. 363, 94 Pac. 448; Schiller v. Blyth &c. Co., 15 Wyo. 304, 88 Pac. 648; State v. Bridge Co. (Ind.), 97 N. E. 803; Hafelfinger v. Perry (Colo.), 121 Pac. 1021; Hausam v. Parker (Okla.), 121 Pac. 1063; 3 Cent. Dig., Sec. 3983, App. & Error; 2 Dec. Dig., Sec. 1010, App. & Error; Kenck v. Deegan (Mont.), 122 Pac. 746.)   The defendant did not assert any damages nor ask for any finding for any supposed breach of the contract, and, therefore, he cannot complain that no such finding was made.   (Leeds v. Little (Minn.), 44 N. W. 310; Heckmann v. Binkney, 81 N. Y. 214; Bader v. N. Y. City, 101 N. Y. Supp. 351; Walstrom v. Constr. Co., 161 Ala. 619.)   Under the evidence the plaintiff could have recovered upon the contract or upon a *quantum meruit.* (30 Ency. Law, 1221, 1224; Roskilly v. Steigers, 96 Mo. App. 576; Katz v. Bedford (Cal.), 19 Pac. 524; Pinches v. Church, 55 Conn. 183, 10 Atl. 264; Blakeslee v. Holt, 42 Conn. 226; Hayward v. Leonard, 7 Pick. 181; Davis v. Badders, 95 Ala. 348, 10 So. 422; Cigar Co. v. Wall. P. Co. (Ala.), 51 So. 263; Lumber Co. v. Cook, 42 So. 838; School Dist. v. Boyer, 26 Kan. 484; Gilman v. Hall, 11 Vt. 510, 34 Am. Dec. 700; Keeler v. Herr (Ill.), 41 N. E. 750; Glacius v. Black, 50 N. Y. 145; Crouch v. Guttman, 134 N. Y. 45, 31 N. E. 271; Lynch v. Elevator Co., 80 Tex. 23, 15 S. W. 208; Flaherty v. Miner, 123 N. Y. 382, 25 N. E. 418; Gal-

lagher v. Sharpless, 134 Pa. St. 134; Wagner v. Allen (Mass.), 55 N. E. 320; Oberlies v. Bullinger (Ill.), 30 N. E. 999; City v. Stookey, 154 Fed. 775; Harlan v. Stufflebeam (Cal.), 25 Pac. 686; Anderson v. Harper (Wash.), 70 Pac. 965; Evans v. Howell (Ill.), 71 N. E. 854; Palmer v. Meriden Co. (Ill.), 59 N. E. 253; 6 Cyc. 86; Blood v. Wilson, 141 Mass. 25; Moore v. Carter, 146 Pa. St. 492; Taylor v. Renn, 79 Ill. 186; Fuller v. Rice (Mich.), 18 N. W. 204; Mosaic Tile Co. v. Chiera (Mich.), 95 N. W. 537; Smith v. Packard, 94 Va. 739; Goldsmith v. Hand, 26 O. St. 105; Becker v. Hecker, 9 Ind. 499; Moffit v. Glass, 117 N. C. 142; Dixon v. Gravely, 117 N. C. 84; Hattin v. Chase (Me.), 33 Atl. 989; Bozarth v. Dudley, 44 N. J. L. 304; School Dist. v. Lund (Kan.), 33 Pac. 596; Bush v. Finucane (Colo.), 6 Pac. 514; Hunt v. Elliott (Cal.), 20 Pac. 132; Foulger v. McGrath (Utah), 95 Pac. 1006; Comm'rs. v. Gibson (Ind.), 63 N. E. 983; McDonough v. Marble Co., 112 Fed. 637; Britton v. Turner, 6 N. H. 481; Bedow v. Tonkin (S. D.), 59 N. W. 223; Parcell v. McComber (Neb.), 7 N. W. 529; McKinney v. Springer, 3 Ind. 59; Major v. McLester, 4 Ind. 591; Tandy v. Hatcher, 9 Ky. L. Rep. 150; Powell v. Howard, 109 Mass. 192; Gove v. Island City Co. (Or.), 24 Pac. 521; Deposit Co. v. Burke, 88 Fed. 630; Orem v. Keelty, 36 Atl. 1030; Gross v. Creyts, 90 N. W. 689; Coal Co. v. Coal Co., 51 W. Va. 474; Edmunds v. Welling (Or.), 110 Pac. 533.) Even though there is a provision in the contract requiring an architect's certificate before payment, that will not prevent a recovery on a *quantum meruit* where such certificate has not been obtained. (Everroad v. Schwartzkopf (Ind.), 23 N. E. 969; Munk v. Kanzler, 58 N. E. 543; Davis v. Badders, 95 Ala. 348; Adams v. Crosby, 48 Ind. 153; Linnenkohl v. Winkelmeyer, 54 Mo. App. 570.) The work having been under the observation of the city engineer, and no complaint having been made during its progress, the objection that it was not properly constructed cannot now be raised. (Laycock

v. Parker (Wis.), 79 N. W. 327; Evans v. Howell, 111 Ill. App. 171; S. C. 71 N. E. 854.) Whether there was a substantial compliance with the terms of the contract was a question of fact for the trial court. (Harlan v. Stufflebeam, 25 Pac. 687; Nolan v. Whitney, 88 N. Y. 648; Phillips v. Gallant, 62 N. Y. 264.) The conclusion of the trial court is clearly and manifestly just upon the evidence, and, therefore, any technical objection as to the findings ought not to be regarded with favor. (Pasha v. Bohart, 122 Pac. 284.)

BEARD, JUSTICE.

This case was brought by the defendant in error as plaintiff against the plaintiff in error as defendant in justice court to recover the amount claimed to be due from said defendant to the plaintiff for the construction of a cement sidewalk. The case was tried to a jury in justice court resulting in a verdict and judgment in favor of plaintiff and against the defendant for $163.25 and costs. The defendant, Evans, appealed the case to the District Court of Laramie County, where the case was tried *de novo* to the court, without a jury, and judgment was again rendered for the plaintiff and against defendant for the sum of $163.28 and costs, and defendant brings error.

The plaintiff in its petition filed in the justice court, after alleging the corporate capacity of plaintiff, alleged in substance that between the 14th and 28th days of September, 1908, plaintiff, at the request of defendant, furnished materials and labor and constructed a cement sidewalk around defendant's property situated at the southeast corner of House and Twenty-third streets, in the City of Cheyenne. That the labor and materials so furnished and the sidewalk so constructed were of the reasonable value of $163.20. That said sum was due and unpaid.

The defendant filed an answer denying each and every allegation of the petition; and for a second defense alleged in substance that the plaintiff made and entered into the following contract or agreement with defendant, to-wit:

"Cheyenne, Wyoming, Sept. 14, 1908.
"*Mr. D. P. Evans, Cheyenne, Wyo.*

"Dear Sir:—We propose to construct a cement sidewalk one hundred eight (108) feet long and five (5) feet wide along the west side of your residence, more fully described as No. 301 E. 23 street. Will furnish all labors and material, and put in same according to the city specifications, and guarantee a first-class job in every respect for the sum of $70.20.    Cheyenne Cement, Stone & Brick Co.
                              "By D. E. Clark, Treasurer."

That defendant accepted the terms of said agreement and plaintiff proceeded to lay sidewalk, but did not do so in accordance with the terms of said agreement, in that it did not lay said walk on the grade established by the city engineer, and failed to make the walk of the required thickness and did not properly mix the materials used in its construction. That under an oral agreement between the parties plaintiff constructed a walk on another side of said premises on the same terms; and alleged the same defects as stated above. Plaintiff replied orally, denying the new matter set up in the answer.

On the trial in the District Court the court found generally for the plaintiff, and also found that plaintiff had substantially complied with the conditions of its contract with defendant; that the walk is of the thickness required by the city specifications; that the materials used were of the proper kind and were properly mixed; that while part of said sidewalk is not on the established sidewalk grade of the city, the city engineer and the defendant both saw it while it was being constructed and made no objections to its being constructed on the grade on which it was being constructed; that neither the city or its engineer has condemned the walk or ordered its removal, although it has been laid for nearly two years; that defendant expressed himself satisfied with the walk and willing and ready to pay therefor upon the approval of the city engineer; that after the construction of the 108 feet of the walk the par-

ties entered into a new contract for the construction of the remainder of the walk (on the other side of the lot). That the contract did not require that the walk be approved or accepted by the city engineer; and that defendant accepted said walk and has enjoyed the use and benefit of the same and that it is of substantial benefit and value to the premises. That it is of the reasonable value of $163.28.

Beside the contention of counsel for plaintiff in error that the findings of the court are not sustained by the evidence, it is contended that the court erred in several particulars, which we will notice briefly. It is urged that the petition does not state a cause of action. But we think the objection is not well taken. The petition is substantially in the form approved in Whittaker's Code Forms, page 26; Bradbury's Rules of Pleading, page 865, Form No. 172; and 3 Sutherland's Code Pleading, Practice and Forms, Section 5185, Form No. 1464. It is also contended that as the petition claims on a *quantum meruit* the plaintiff must recover on his *quantum meruit* or not at all. That question was passed upon in Hecht v. Stanton, 6 Wyo. 84, on page 91 (42 Pac. 749, 43 Pac. 508), where in the opinion on petition for a rehearing, page 91, the court said: "As we understand the argument on behalf of plaintiff in error, the position is taken that defendant in error must recover upon his *quantum meruit* or not at all, although the evidence may show that he is entitled to recover under the contract set up by plaintiff in error in his defense. We cannot agree to this proposition. Neither do the authorities cited sustain it. The contract might change the amount of recovery, but could not preclude an inquiry as to whether anything was due to defendant in error or not." In that case the cause of action stated in the petition was that the plaintiff had at the instance and request of defendant made, excavated and constructed an irrigating ditch and in so doing had necessarily removed 29,432 cubic yards of stone, gravel and earth, which was reasonably worth ten cents per cubic yard, or a total sum of $2,943.20, and admitted payment of $1,659.

Defendant answered denying performance of the work as alleged, and as a separate defense averred that plaintiff had commenced the construction of the ditch, that the work so commenced was not done upon any promise of defendant to pay the reasonable value of the work, but that it was done under an express contract in writing. The terms of the contract were set out, and the failure of plaintiff to construct the ditch according to the terms of the contract was alleged. In the present case the plaintiff alleged that it constructed the walk at the request of defendant and that the labor and materials were reasonably worth so much—the price mentioned in the contract pleaded by defendant—and that defendant had failed to pay therefor. Defendant denied generally those allegations and averred that the work was done under a special contract and that the work failed to comply with the contract in three particulars, viz.: 1. The materials were not properly mixed; 2. The walk was not of the required thickness; and 3. That it was not on the established grade. The two cases are alike in principle and the same rule applies to each. "It is settled law that where the contract has been fully performed by the plaintiff, and nothing remains to be done but the payment of the money by the defendant, it is not necessary to set out or declare upon the special contract, but the liability of the defendant may be enforced under a count for the reasonable value of the services." (E. D. Metcalf Co. v. Gilbert, 19 Wyo. 331, 340, 116 Pac. 1017, 1020.) "Where the complaint is upon a *quantum meruit,* proof of a special contract for a given price does not necessarily defeat the plaintiff's recovery, but the price fixed by the contract becomes the *quantum meruit* in the case." (22 Ency. P. & P. 1378.) In the case at bar the walk had been completed, and the defendant was not misled by the form of the pleading, and he had the opportunity to make and did make his defense under the contract pleaded by him. He failed, in the judgment of the court, to sustain his defense, but was not prejudiced by the form of plaintiff's pleading. On a number of questions of fact in

the case the evidence was conflicting; but there was sufficient evidence on each of them to support the findings; and under the well settled rule when such is the case the judgment will not be reversed on the ground that it is not sustained by the evidence. We find no prejudicial error in the record, and the judgment of the District Court is affirmed.                                        *Affirmed.*

SCOTT, C. J., and POTTER, J., concur.