## GRAHAM v. GRAHAM.

(Supreme Court, Appellate Division, Third Department.   November 10, 1909.)

1. TRIAL (§ 139*)—NONSUIT—WHEN AUTHORIZED.

Where there is evidence presenting a question of fact as to the truth of the complaint and the complaint states a cause of action, a nonsuit at the close of plaintiff's evidence is erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341, 365; Dec. Dig. § 139.*]

2. FRAUDS, STATUTE OF (§§ 74, 138*)—CONTRACTS—VALIDITY.

A parol contract to convey land to a third person in consideration of the promisee rendering personal services in improving the land is not enforceable by the third person because of the statute of frauds, and to the promisee alone is raised the implied contract to pay him for the value of the services rendered in reliance on the contract on the promisor subsequently refusing to perform.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 122–131, 327–333; Dec. Dig. §§ 74, 138.*]

3. PLEADING (§ 49*)—COMPLAINT—CAUSE OF ACTION.

Under the Code abolishing forms of actions, a plaintiff may state the facts on which he claims relief, and, where the facts are sufficient to authorize relief, his complaint cannot be challenged as not in any particular form.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 107–111; Dec. Dig. § 49.*]

4. FRAUDS, STATUTE OF (§ 146*)—CONTRACTS—INVALIDITY.

A complaint alleging a parol contract to convey land, unenforceable under the statute of frauds, a repudiation of the contract by the promisor, the payment of money and the performance of services by the promisee on the faith of the contract, and praying for a recovery therefor, states a cause of action on the contract, which the law implies where services are rendered under a contract void by the statute of frauds which the promisor refuses to fulfill.

[Ed. Note.—For other cases, see Frauds, Statute of, Dec. Dig. § 146.*]

5. FRAUDS, STATUTE OF (§ 138*)—CONTRACTS—INVALIDITY.

Where one orally contracting to convey land refused to perform, the other party need not proceed further in the performance of his part of the contract before suing to recover the money expended and services rendered in the performance of his part of the contract.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 327–333; Dec. Dig. § 138.*]

6. TRIAL (§ 164*)—MOTION FOR NONSUIT—QUESTIONS RAISED.

In an action for the value of services, the cost of improvements, and expenses rendered and incurred in reliance on defendant's oral promise to convey land to plaintiff's wife if plaintiff would improve the land, a motion for a nonsuit at the close of plaintiff's case did not present the question whether plaintiff should have proved the fair rental value of the premises during his occupancy to be set off against his recovery.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 164.*]

Appeal from Trial Term, Albany County.

Action by John Graham against Catherine Graham. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before SMITH, P. J., and CHESTER, KELLOGG, SEW-ELL, and COCHRANE, JJ.

Henry J. Crawford, for appellant.
George A. Reilly, for respondent.

SMITH, P. J.   The complaint alleges, in substance, that on or about the 1st day of March, 1904, the defendant entered into an oral agreement with the plaintiff, whereby she promised and agreed to purchase certain real estate in the town of Guilderland, Albany county, consisting of a small house and a half acre of ground, of the value of about $350, and convey the same to one Nellie Graham, the plaintiff's wife, in consideration that the plaintiff would repair the house on said land, improve said premises, pay the taxes and insurance, and make a home for plaintiff's wife and children, all of which the plaintiff promised and agreed to do; that thereafter said premises were purchased by the defendant, and plaintiff moved thereupon and occupied the same, and prior to May 1, 1907, expended the sum of $751.36 in repairs, and also performed personal service in the making of said repairs to the amount of $150; that on or about the 11th day of May the defendant repudiated said contract, and refused to deed the real estate to said Nellie Graham, the plaintiff's wife.   The judgment asked is that the defendant pay to the plaintiff the moneys expended by him in the making of said repairs and the value of his services.   In King v. Brown, 2 Hill, 485, the headnote in part reads:

"A parol contract to convey land in consideration of a specified sum payable in work is void by the statute of frauds and cannot be the foundation of an action.   In such a case the party who has performed the labor may treat the agreement to convey as a nullity, and recover the value of the services under the common counts, not exceeding, however, the amount fixed by the agreement, with interest."

I do not understand that counsel disagree upon this general proposition.   There was sufficient evidence upon the trial to present a question of fact as to the truth of the allegations of the complaint.   If the complaint, therefore, states a cause of action, the learned trial judge erred in granting a nonsuit at the close of plaintiff's evidence.

In the case at bar the premises were not to be conveyed to the promisee, but to a third party.   But the agreement was unenforceable because not written.   There was no contract, therefore, upon which the beneficiary could sue.   To the promisee alone is raised the implied contract to repay the value of the services rendered in performance of the voidable parol contract, which the promisor afterwards refused to perform.   This would seem to be held in Union Ind. Rub. Co. v. Tomlinson, 1 E. D. Smith, 364; Buchanan v. Tilden, 5 App. Div. 354, 39 N. Y. Supp. 228; Same title, 18 App. Div. 123, 45 N. Y. Supp. 417.

Two objections are strenuously urged to plaintiff's recovery in this action.   It is insisted that the complaint is not in proper form.   The case of King v. Brown, supra, is cited as requiring a complaint to be upon the common counts.   That case, however, was decided when different forms of actions were required and technical pleading was

necessary. Since the abolition of forms of actions by the Code, a plaintiff may simply state the facts upon which he claims relief, and, if the facts stated are sufficient to authorize relief, his complaint cannot be challenged as not in any particular form. The complaint in this case alleges a parol contract to convey land unenforceable by the statute of frauds, a repudiation of that oral contract by the promisor, the payment of money and the performance of labor and service upon the faith of said contract by the plaintiff, and seeks to recover therefor. These allegations would seem to contain all the allegations necessary to a cause of action upon the contract which the law implies, where services are rendered under a contract void by the statute of frauds which the promisor refuses to fulfill.

The defendant further objects that some tax had not been paid which it was a part of the plaintiff's obligation under the contract to pay. That was the tax for 1906. In May, 1907, when the contract was repudiated by the defendant, no objection was raised that this tax had not been paid. If her refusal to perform had been upon that ground, the tax might then have been paid by the plaintiff. After the absolute refusal of the defendant to perform, the plaintiff was not bound to proceed further in the making of repairs or in the performance of his part of the contract before he could seek to recover for the money already expended in the course of performance on his part.

We are of opinion, therefore, that a sufficient cause of action was alleged, and that proof was offered sufficient to make a question of fact for the jury upon the plaintiff's right to recover. Plaintiff should probably allow as against his claim the fair value of the rental of the premises while he was occupying the same. As this implied promise is raised, for the reason that the court will not allow the statute of frauds to be made an instrument of fraud, the underlying principle would allow a recovery only for the moneys equitably due from the defendant. It may be that the plaintiff should have offered proof as to the fair rental value of these premises. But upon this question we pass no opinion. As the question was not raised by the motion for a nonsuit, his failure to offer such proof in any event should not have caused the dismissal of his complaint.

Judgment should, therefore, be reversed and a new trial granted, with costs to appellant to abide the event.

Judgment reversed and new trial granted, with costs to appellant to abide event. All concur.