RAY HARRIS, Respondent, *v.* IKE RABINOWITZ, Appellant, and Another, Defendant.

Supreme Court, Appellate Term, Second Department, October Term, 1928.

——————— for the appellant.

——————— for the respondent.

PER CURIAM. Judgment unanimously reversed upon the law, and new trial granted, with costs to appellant to abide the event.

The record presented a question of fact as to whether defendant held under a lease for one year at $3,600. Respondent's husband, her only witness, contradicted himself in many instances as to the terms of the agreement he claimed to have made with appellant. The proposed lease, which appellant denied he ever saw, is at variance with the testimony of plaintiff's witness, so far as the terms of payment of the rental are concerned. A jury might well have said he swore falsely in one particular, and could have disregarded his entire testimony. On this record a verdict for appellant could not legally be set aside.

Waiving for the present all questions as to the constitutionality of section 457-a of the Civil Practice Act, that section is not applicable when the evidence of the party who seeks a direction of a verdict is such as need not be accepted. The appellant should have been permitted to show what he did under the alleged oral agreement for three years. Even though his proof might not be sufficient to show performance sufficient to take the case out of the Statute of Frauds, nevertheless, if in fact there was an agreement for three years, invalid only because not in writing, respondent

could not repudiate the agreement without being liable for any damage sustained by appellant. (*Harris* v. *Frink*, 49 N. Y. 24; *Graham* v. *Graham*, 134 App. Div. 777; *Rosepaugh* v. *Vredenburgh*, 16 Hun, 60; *Quirk* v. *Bank of Commerce & Trust Co.*, [C. C. A.] 244 Fed. 682, 687; 27 C. J. § 442, p. 364.)

All concur; present, CROPSEY, MACCRATE and LEWIS, JJ.