## NASTROM v. SEDERLIN
(No. 1693; September 21, 1931; 3 Pac. (2d) 82)

For the appellant there was a brief and oral argument by *D. R. Higley*, of Rawlins, Wyoming.

For the respondent there was a brief and oral argument by *A. J. Rosier*, of Rawlins, Wyoming.

*D. R. Higley*, in reply.

RINER, Justice.

In an action instituted by Nels Nastrom in the District Court of Carbon County against Louis Sederlin, the former recovered a judgment. The record in the case is here for review by direct appeal, at the instance of the losing party below, who challenges the propriety of that judgment and some of the court's rulings made in the course of the trial.

The parties will be referred to herein as plaintiff and defendant respectively.

Plaintiff's petition, filed November 19, 1928, contained five alleged causes of action. As the judgment aforesaid allowed a recovery on the first cause of action only—the court finding against plaintiff on the others and no complaint being here made by him on account of such finding—we are necessarily principally concerned with that one subdivision of the pleading. It may, however, become necessary in the course of this discussion also to refer briefly to plaintiff's second cause of action.

The first cause of action as alleged, in substance is to the following effect: That on or about November 1, 1926, plaintiff and defendant entered into an agreement whereby they were to jointly purchase and own 1050 head of sheep, which were to be fed and grazed upon lands owned individually by the parties—defendant having 2100 acres and plaintiff 110 acres for the purpose; that plaintiff was to herd, feed and care for the sheep on said lands, paying all expense therefor except cost of shearing, dipping, grain or oil cake needed, which cost was to be shared equally; that defendant had about 350 tons of hay in stack upon his land, which was to be fed to the sheep by plaintiff "free of cost" during the winter of 1926-1927, the plaintiff being thereafter permitted to enter upon defendant's land and at plaintiff's own expense during the term of the contract to put up all the hay thereon, which was to be fed said sheep, their increase or any additional sheep the parties might jointly acquire; that each party should pay the taxes on his own lands and personal property, and one-half the taxes on the said sheep; that plaintiff should, at his own expense, build some 7½ miles of wire fencing on defendant's land during the year 1927, defendant paying only for the wire used in such construction; that defendant should allow plaintiff in putting up the hay to use machinery owned by defendant for that purpose; that the profits from the sale of all wool and lambs from said sheep should be equally divided each

year between the parties during the term of the contract, which should continue until October 15, 1931; that the sheep were purchased and maintained until September 15, 1928, the plaintiff meanwhile duly performing all the terms and conditions of the contract on his part to be performed; that pursuant to the contract, during the year 1927, he built, at his own expense, upon defendant's ranch, the 7½ miles of fence, which was of the reasonable value and cost of $700; that during the year 1928, at his own expense, also pursuant to said contract he put up on defendant's ranch about 200 tons of hay, at the reasonable cost to plaintiff of $500; that said fence and hay were to be used in the maintenance and operation of the said sheep jointly owned, as aforesaid; that on or about September 15, 1928, defendant refused to comply further with the terms of the contract, notified plaintiff to leave defendant's lands and declined to allow plaintiff to carry out the agreement, although plaintiff was ready and willing so to do; that defendant then divided the sheep equally between the parties and required plaintiff to then and there remove same from defendant's ranch, but unlawfully retained to his own use the fence constructed by plaintiff in 1927 and the hay put up in 1928, as aforesaid; that by reason of the termination of the contract, plaintiff has been damaged in labor and cost in building and constructing the fence in the sum of $700, and in putting up said hay in the sum of $500, which sums are now due and owing by defendant to plaintiff.

Defendant answering this cause of action denied each and every allegation therein contained; further answering and by way of counterclaim thereto defendant charged that about the month of November, 1926, plaintiff and defendant entered into an agreement which is then set out and which appears to be substantially the same as that pleaded in plaintiff's first cause of action above detailed, except that it contains no clause relative to the construction of any fence. It was then alleged that the contract thus pleaded was carried out by the parties until the fall of 1928; that

during the 1928 haying season, plaintiff, pursuant to the agreement aforesaid, put up only a part of the hay crop and wrongfully refused to put up about one-third of that year's crop, or about 100 tons of hay; that due to plaintiff's neglect and refusal to put up said hay, defendant was at much expense in harvesting said 100 tons of hay, much of which was injured because of plaintiff's said neglect, all to defendant's damage in the sum of $500.

Plaintiff's reply contained a general denial of the averments in defendant's counterclaim.

The case was tried to the court without a jury, with the result that a judgment was entered for plaintiff allowing a recovery in the sum of $1,000 on his first cause of action, and, as previously indicated, directing that he take nothing by reason of the remaining causes of action pleaded by him.

On the trial, plaintiff testified that he had an agreement with the defendant during the month of November, 1926, as to running and owning certain sheep; that subsequently on or about December 6, 1926, the defendant handed a written memorandum to plaintiff with the statement that "here is our agreement." The memorandum read:

"Agreement entered into this 6th day of December, 1926, between Louis Sederlin and Nels Nastrom.

"To run a bunch of sheep consisting of One Thousand fifty (1050) head at present time, and as many more as can be taken care of on Louis Sederlin's ranch, which consists of 2100 acres, deeded and leased land, and Nels Nastrom's ranch, consisting of 110 acres.

"Each man pays the taxes and leases on his own land.

"Taxes on the sheep shall be paid equally, one-half by each party.

"Each party pays taxes on his own horses.

"Nels Nastrom is to take care of the sheep and fence the pasture which is not now fenced. Louis Sederlin is to furnish all wire.

"Nels Nastrom agrees to irrigate and put up the hay.

"Each party pays equal share for shearing and dipping sheep; also grain for bucks, and for any oil cake that is used; and also paint for marking sheep.

"Louis Sederlin agrees to let all tools on place be used free of charge, and all new implements and tools that are needed shall be paid for half on each party. At time of expiration of contract, these shall be divided equally.

"This contract is for a term of almost five years, or to expire October 15, 1931. At that time Nels Nastrom agrees to leave on ranch the hay, which shall equal the amount used to feed the Sederlin and Nelson Sheep through winter of 1926 and 1927."

This writing, though signed by neither plaintiff nor defendant, was offered in evidence by counsel for plaintiff "as the agreement between the parties." Defendant objected to its being received, in that it was incompetent evidence of the agreement pleaded in plaintiff's petition, because it was an agreement which by its terms was not to be performed within one year and could not be performed within that time and the memorandum was not signed by the party to be charged, or sought to be charged. The court admitted the writing over the objection thus made and due exception was saved to the ruling. It is assigned as error and so urged in the brief and argument here on behalf of defendant that this writing and all plaintiff's parol testimony admitted in evidence concerning the alleged contract between the parties should not have been received, and our statute of frauds (W. C. S. 1920, § 4719), in its first subdivision is invoked to sustain that position.

In disposing of this contention, we shall assume, for the purpose of argument, that the special contract between the parties pleaded and proven by plaintiff came within the terms of the statute of frauds, as insisted; that no recovery could be had upon such contract by the plaintiff; that said contract was not admitted in defendant's answer, which was not a memorandum sufficient to satisfy the statute, and that defendant could and did properly raise the failure of the writing to comply with the statutory requirements by objecting to evidence thereof, so as to preclude any relief to plaintiff based thereon as a special contract.

But with all these assumptions, it does not follow that the trial court was in error in admitting the proofs submitted and to which reference has above been made. It is the law, as stated in 27 C. J. 363, § 441, upon the authority of a voluminous list of cases, that:

"One who has performed labor and services under a contract which cannot be enforced because within the statute of frauds, and which has been repudiated by the other party thereto, may recover for such services upon a *quantum meruit*."

The same rule is stated in 25 R. C. L. 720, 721, § 367:

"According to the great weight of the authorities the fact that a contract involving the rendition of services is unenforceable on account of the statute, as for instance where the contract is not to be performed within a year, has been partly performed by the employee does not take the contract out of the statute. On the other hand where services are rendered under such a contract and the party receiving the services refuses to go on and complete its performance, the other party may recover the value of the services upon an implied assumpsit."

The doctrine of the texts just cited is so familiar that it will suffice to refer briefly to some illustrative cases. A frequently cited decision on the subject is that of Williams v. Bemis, 108 Mass. 91, 11 Am. Rep. 318, where the plaintiff orally agreed with one Towne, the defendant's testator, to cultivate Towne's land for two years for two-thirds of the crop for two years, the plaintiff to furnish one-half the seed and all the labor and Towne all the manure. The work was done and seed furnished under the contract the first year, and at the expiration of that period the crop of that year was divided as agreed, the plaintiff taking two-thirds and Towne one-third thereof. Towne then refused to allow the plaintiff to plant the land the second year. The work done and seed furnished and used upon the land by the plaintiff during the first year was more than was needed

for the first year's crop, and of greater value, indeed, than plaintiff's share of the crop and inured to the permanent benefit of the land and of the crop for the second year, as was understood and anticipated by the parties when the contract was made, the work done and the seed used upon the land. It was held that the plaintiff could properly maintain an action for work done and materials furnished in cultivating the land. The court said in the course of the opinion disposing of the case:

"The defendant insists that the work was done by the plaintiff in the cultivation of crops which were to be partly his own, and was not done upon the credit of Towne, or with any expectation of charging it against him. Such undoubtedly was the understanding of the parties originally. But as Towne saw fit to say that the special contract was not binding upon him, it cannot be set up by his executor as binding upon the plaintiff. King v. Welcome, 5 Gray 41. It cannot be treated as a nullity for one purpose, and as a contract for another. It required two years for its completion, and both parties understood that there was to be no profit or advantage to the plaintiff except from the operations of both years taken together. A large part of the labor and expense, incurred in the first year, had no reference whatever to the operations and results of that year, taken by itself, but were a preparation of the land for increased productiveness in the second year. The plaintiff must be considered as having, in that way, paid in advance, in part at least, for the privilege of using the land the second year in the manner agreed upon. By the repudiation of the contract, he has lost the privilege which he had so paid for. The consideration upon which he made that payment has failed by the wilful act of the other party to the contract, and he is therefore entitled to recover back what he has so paid. Basford v. Pearson, 9 Allen 387, 85 Am. Dec. 764. If it had been a payment in money, it would be too plain to be controverted. A payment in labor and services, of which the other has secured the benefit, stands upon the same ground."

In Wonsettler v. Lee, 40 Kans. 367, 19 Pac. 862, plaintiff's petition charged that he made a parol agreement with

defendant Wonsettler, by which they were to jointly engage in raising stock and grain. The defendant was to furnish the land necessary for their farming and feed operations and also teams, stock, farming implements and necessary machinery to do the work. Plaintiff was to do the work by his son and such other help as became necessary, who were to be furnished board by the defendant. Plaintiff was to have one-half of the grain raised and sold, and in case it was fed to stock, he was to have one-half of the stock increase. It was alleged that this arrangement was to continue for five years, and the profits were to be divided each year, as thus agreed. Where the stock was held longer than one year and was fed on grain produced on the land, the profits thereon were to be divided when sale was made. The pleading then averred that the arrangement continued only two years, when defendant refused further to perform the agreement or to allow plaintiff's son to do so; that he also declined to permit plaintiff to have any share of the crops which had been raised or grown on the land, or any pay at all for the two years labor; that plaintiff's son produced and prepared for market several thousand bushels of wheat and corn and 50 tons of hay, all of a stated value; that plaintiff's son worked faithfully upon these lands for about two years and that his services so rendered were reasonably worth a stated sum over and above plaintiff's share of the expense of the business. This petition was demurred to generally, but the demurrer was overruled. The case proceeded to trial and plaintiff had verdict and judgment. In affirming that judgment, the court said:

"The only complaint made by Wonsettler in this court is that the petition filed by Lee in the District Court did not state facts sufficient to constitute a cause of action. Counsel for plaintiff in error claims the petition to be insufficient, because it appears that a recovery was sought upon a contract which was never reduced to writing, and was not to be performed within one year, and hence was within the statute of frauds. It is true that the contract under which the work was performed by Lee was not in writing, and also

that it was one which necessarily required five years for its full performance, and it therefore fell within the prohibition of the statute. If the action was based solely on this verbal contract, as claimed, it could not be maintained; but we think the allegations of the petition are sufficiently broad to warrant a recovery on a *quantum meruit*. While Lee cannot recover under the contract, he is entitled to compensation according to what the work performed was reasonably worth. Wonsettler, having received the benefit of the services performed under the verbal contract, cannot escape liability for the benefit received by refusing to perform that contract. It is conceded by counsel for plaintiff in error that Lee is entitled to recover in a proper action what the services rendered are reasonably worth; but he insists that Lee has relied on the express contract alone, and therefore the action must fail. In our view, the void contract is not set out as the basis of the action, but rather by way of inducement to explain the circumstances under which the work was done, and to show that it was not a gratuity. The petition alleges how Lee was induced to furnish the labor, the character and duration of the services performed, the benefits derived by Wonsettler therefrom, and what they are reasonably worth, and follows with a general prayer for judgment. The fact that a void contract is recited in a petition will not make it demurrable, if the other facts stated therein constitute a cause of action. 'All that a plaintiff needs to do in stating his cause of action is to state the facts of his case; and if such facts would entitle him to recover in any form of action, either at law or in equity, he will be entitled to recover under such statement.' Deisher v. Stein, 34 Kan. 39, 7 Pac. Rep. 608. Our conclusion is that the demurrer was correctly overruled, and hence the judgment of the District Court will be affirmed.''

In another case the proof showed and the court found that defendant entered into an oral agreement whereby plaintiff was to go upon defendant's land, patrol and police it, prevent the property from being damaged, laying out camp sites, make various improvements and rent out camping and picnicing privileges at reasonable rates; that for doing these things the defendant promised a ten year's lease; that plaintiff performed the acts requested and agreed upon; that the actual and reasonable value of the

materials furnished, moneys expended, services performed and labor done by plaintiff upon the premises pursuant to the agreement was a stated amount; that defendant, after rendition of the services aforesaid, without cause, refused to carry out the terms of the agreement and required plaintiff to vacate the premises; that plaintiff had not been paid or reimbursed except a comparatively small amount collected from campers, etc.; and that whatever was done upon said premises was done by plaintiff pursuant to said agreement. A judgment for plaintiff was affirmed by the appellate court, in Blank v. Rodgers, 82 Cal. Ap. 35, 255 Pac. 235, 238 (hearing denied by Supreme Court), and in discussing the point in which we are here interested, this language was used:

"As to appellant's contention that the complaint does not state a cause of action and the findings do not support the judgment, there is no merit.

"The action is not one for damages for breach of contract; and while no action at law would lie on the contract itself, it being within the statute of frauds and void, yet it is proper to set forth the terms of the oral agreement in order to show the circumstances under which respondent went into possession of the premises and expended the money for which he sought reimbursement. * * *

"Appellant has cited numerous authorities to the effect that the lease or agreement to lease is void as being within the inhibition of the statute of frauds in that by its terms it was for a longer period than one year and was not reduced to writing, and to the point that, in order to bind a principal to an agreement affecting real property, which is required to be in writing, the authority of the agent must also be in writing, and, further, that the lease or agreement for the lease is void for uncertainty. We are in perfect accord with the authorities cited, but this is not an action to enforce specific performance of the lease or agreement, nor for damages for a breach of contract, but is based upon a contract which the law implies, where services are rendered and moneys and materials furnished at the request of another in consideration of a void promise. The promise made is a nullity, but the respondent is in no worse situation than if no promise whatever were made.

"The contract being void and incapable of enforcement in a court of law, yet respondent having furnished moneys, materials, and services in pursuance thereof, he may recover the reasonable value of the moneys and materials furnished and the services performed. This is the universal rule in cases where the contract is void for any cause not illegal. Smith v. Administrators of Smith, 28 N. J. Law, 208, 78 Am. Dec. 51. In Graham v. Graham, 134 App. Div. 777, 119 N. Y. S. 1013, in a case where the contract was void by reason of the statute of frauds, the court says in part:

" 'The complaint in this case alleges a parol contract to convey land unenforceable by the statute of frauds, a repudiation of that oral contract by the promisor, the payment of money and the performance of labor and service upon the faith of said contract by the plaintiff, and seeks to recover therefor. These allegations would seem to contain all the allegations necessary to a cause of action upon the contract which the law implies, where services are rendered under a contract void by the statute of frauds which the promisor refuses to fulfill.

" 'If money has been paid, or services rendered, in the performance of a void contract by one party thereto, and the other party fails to voluntarily perform on his part, the injured party has no remedy at law upon the contract; he may, however, under such circumstances, disaffirm such contract and maintain his action at law to recover back moneys so paid, or the value of services so rendered.' * * *

"It would make no difference if the contract were void for uncertainty, or void because within the statute of frauds. It would be a nullity in either case, and in either case the law implies a contract to pay the reasonable value for materials furnished and services performed, where, as in this case, the promisor refuses to fulfill the contract."

It would seem that defendant tacitly recognizes the force of the legal principle around which decisions like the foregoing have been written, for in one of his briefs filed herein, he says:

"Had the petition blended a cause on express contract with a cause for *quantum meruit,* thus putting defendant on notice in framing the issues and going to trial, there might perhaps be some merit to the contention now advanced by plaintiff."

In that connection he cites the case of E. D. Metcalf Co. v. Gilbert, 19 Wyo. 331, 116 Pac. 1017, 1020, wherein this court said, concerning the matter then in hand:

"The petition in the case at bar contains but one count. It is alleged, however, that the agreed price to be paid the plaintiff for his services was one hundred dollars per month, and also that his said services were reasonably worth that amount. Thus in one count a claim under a special contract is united with one for the reasonable value of the services rendered, and the allegations seem to be sufficient to support either claim. This does not render the petition demurrable on the ground that several causes of action are improperly joined, for that ground of demurrer applies only where causes of action which are not permitted to be joined are embraced in one pleading. (Pomeroy's Code Rem., Sec. 447; 1 Kinkead's Code Pl., Sec. 20; Hartford v. Bennett, 10 O. St. 441; Ridenour v. Mayo, 29 O. St. 138.) The irregularity consists in disregarding the statute which provides that when the petition contains more than one cause of action they shall be separately stated and numbered. (Comp. Stat. 1910, Sec. 4380.) And the plaintiff might have been required on motion to comply with the statute or objection might have been made by motion to make the petition definite and certain. We cannot agree with counsel for the defendant, plaintiff in error here, that the allegation as to the reasonable value of the services is to be regarded as surplusage. It is clearly neither redundant nor irrelevant."

In the case at bar, as previously indicated, there were several counts or alleged causes of action in plaintiff's petition, the first two of which were framed, doubtless, with the rule in mind also stated by this court in the decision last mentioned, in the following language:

"It is also clearly settled by the weight of authority, and we think correctly, that a count upon a *quantum meruit* may be joined with one upon a special contract, although each states only a separate ground for substantially the same recovery. This may often be necessary and is allowed for the purpose of meeting the exigencies of the proofs."

While plaintiff's second cause of action and on which the court specifically denied recovery, was obviously based upon the special oral contract, yet we think it equally plain that the first cause of action in plaintiff's pleading and on which the finding and judgment now before us in his favor is grounded, is not so. It is simply an action for the reasonable value of the services performed in building the fence and putting up the hay, of which defendant has received the benefit, and for which plaintiff has not been paid. The first excerpt given above from the Metcalf Co. v. Gilbert case itself quite clearly demonstrates this to be so.

The pleading and proof of the oral agreement was, as regards the plaintiff's first cause of action, quite as said by the opinion in Blank v. Rodgers, supra, "in order to show the circumstances" under which plaintiff went on defendant's lands and performed the labor and incurred expenses for which he seeks reimbursement. 25 R. C. L. 721, similarly says:

"It is immaterial that in the absence of the express contract, the relationship of the parties is such that no contract to pay for the services rendered would have been implied. The express contract in such a case though unenforceable as a contract or as a basis for a claim for damages for nonperformance may be used to rebut the presumption that the services were rendered gratuitously."

In other words, the oral arrangement of the parties thus pleaded, supplied the necessary allegation in *quantum meruit* that the labor was done at defendant's request.

It is suggested in a reply brief filed by the defendant, that plaintiff asks compensation for putting up the 200 tons of hay on defendant's land, while plaintiff's petition and proof show that this hay was put up to replace a part of 350 tons of hay on defendant's ranch at the inception of their relations and which defendant allowed plaintiff to use, without cost, in feeding the sheep of both parties. But defendant in his answer filed in the case, submitted no de-

mand whatsoever to the trial court in that respect, as we have seen. He seems by his counterclaim therein to assert merely a right to damages for breach by plaintiff of an agreement which his own objections made at the trial show to fall within the operation of the statute of frauds, and hence afford him no basis of relief. Knowing the contract to be invalid under the law, if he claimed plaintiff had received the benefit of his (defendant's) hay without recompense to defendant, his answer should have so indicated and requested an accounting relating to it. It may be suggested, also, in this connection, that defendant received the benefit of plaintiff's labor in feeding the hay to the sheep jointly owned, and which were ultimately shared equally by both parties.

Finding no error in the record, the judgment of the District Court of Carbon County is affirmed.

*Affirmed.*

KIMBALL, C. J., and BLUME, J., concur.